RAYMOND M. HILLIARD, as Commissioner of Welfare of the City of New York, Plaintiff and Judgment Creditor, *v.* MODESTINO DE CIUCEIS, Defendant and Judgment Debtor.

Supreme Court, Special Term, New York County, June 16, 1952.

*Louis Stone* for defendant and judgment debtor.

*Denis M. Hurley, Corporation Counsel* (*Philip Sokol* of counsel), for plaintiff and judgment creditor.

STEUER, J. This motion seeks to vacate an order by which the judgment creditor has garnisheed the judgment debtor's salary. The judgment was obtained by the commissioner

of welfare pursuant to section 104 of the Social Welfare Law which provides that where relief payments have been made to a person or to members of his family for whose support he was liable and he is discovered to be possessed of property, a designated welfare officer may bring suit to recover back such payments made. It appears that after the entry of the judgment the debtor filed a petition in bankruptcy listing the judgment as his sole liability. He was duly adjudicated a bankrupt and discharged but the United States District Court refused to rule on whether the judgment was dischargeable, specifically leaving the effect of the bankruptcy on the judgment to the State court.

The judgment creditor claims the judgment is not discharged because it comes within the exception provided for in paragraph (2) of subdivision (a) of section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. [a], par. [2]), which exempts " liabilities * * * for alimony due or to become due, or for maintenance or support of wife or child ". The judgment does not come within this classification. What is referred to is an obligation arising out of the bankrupt's obligation to support his wife and children. The funds provided to these persons by the welfare authorities were not provided in lieu of the bankrupt's obligation to support them. They were provided because these people, quite independent of their relationship to the debtor, were in need. The same funds would have been supplied to the same people from the same source if the judgment debtor were dead or under no obligation to support them. The funds are recoverable from the debtor because the Social Welfare Law so provides, doubtless due to the fact that had he been able to support them, he rather than the State would have been required to support them. The debt was not created to relieve the debtor of his obligation but only because the authorities deemed that it is impossible for him to meet it.

Secondly, the creditor claims that the judgment being in favor of a State it is not dischargeable. The debtor challenges this claim and also denies that the State of New York is the judgment creditor. As to the latter point this does appear to be a judgment in favor of a State. While the titular plaintiff is an officer of the City of New York, that is only because a statute of the State directs him to bring suit. The funds recovered by him have to be remitted to another State agency to the extent, 60%, of the direct contribution of the State. The

balance remains as part of the local relief fund which in itself only exists because of the State's permission to the city to exercise the State's taxing prerogative.

So that being a judgment of the State the question remains whether such a judgment is dischargeable in bankruptcy. The Bankruptcy Act makes no mention of obligations due a State. It does provide that debts due the United States for taxes and to an extent for penalties and forfeitures are not dischargeable. From this it has been concluded that debts due the United States arising from other obligations are discharged. It has also been stated that the intention of the act includes debts due to a State (*Guarantee Co.* v. *Title Guar. Co.*, 224 U. S. 152). It is true that under the previous act a different conclusion was reached (*United States* v. *Herron,* 20 Wall [U. S.] 251), but this was on the theory that a State, being a sovereign, could not be affected by general terms in a statute but only if the statute made specific provision. It would appear, however, that the present act meets that test at least to the degree that the Supreme Court indicated.

The motion is granted.