John R. Heilman, J.
The respondent has moved to dismiss the petition in this case which sought reimbursement to the Department of Social Services of the County of Dutchess of several thousand dollars in arrears of support payments involving more than one child over ,a period of years. The respondent’s attorney has submitted an order of the Referee in Bankruptcy in the United States District Court for the *663 Southern District of New York, which discharges said respondent as a bankrupt from all debts and claims provable against his estate.
Respondent’s counsel informed the court in the presence of the Assistant County Attorney that the County Attorney was notified of the petition in bankruptcy and given a copy of the schedules of debts, which included the matter before this court. The counsel for the respondent also informed the court that there was no appearance by the County Attorney in the bankruptcy matter and no objection to the discharge, of this respondent from these obligations.
The court has examined the law in this matter and finds that paragraph (2) of .subdivision (a) of section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. (a), par. [2]) provides that liabilities for maintenance or support of a wife or child are not dischargeable in bankruptcy. The rationale apparently is that public policy imposes a liability of support and this is not a debt as such. (Maier v. Maier, 77 Misc. 145.)
However, liability for the repayment of public relief funds is discharged in bankruptcy. In Hilliard v. De Ciuceis (202 Misc. 197) the court held that the amounts which the Commissioner of Welfare of the State of New York is required to sue to collect from one who has been receiving relief payments, or members of whose families for whose support he is liable have been receiving such aid, .are not exempt from discharge under paragraph (2) of subdivision (a) of section 17 of the Bankruptcy Act as “ liabilities * * * for maintenance or support of wife or child ”. The relief recipient’s discharge in bankruptcy was held to be a good defense against garnishee of his pay by the Welfare Commissioner. The rationale of this decision appears to be that the judgment obtained by the Commissioner, pursuant to section 104 of the Social Welfare Law, was one in favor of the State and not the wife or child. As such, State debts are discharged in bankruptcy.
While the claim of the Department of Social Services herein has apparently not been reduced to any judgment, the reasoning in the Hilliard case appears to be applicable to the instant facts, since that case involved a petition to require the respondent to pay arrears ordered by the court for a period during which the respondent’s dependents received assistance from the department. The original petition in this case was made in 1963 by the then Commissioner of Public Welfare, and supporting papers indicated that the department was caring for several children of the respondent. The department was made the beneficiary of this order, and so far as appears in the records *664 of the court the department has continued as the beneficiary of any payments made by the respondent.
The motion to dismiss is therefore granted.