**In re Edward Michael DEBLOCK, Jr., and Carol Marie Deblock, fka Carol Marie Hart, Debtors.**

**Sandra DEBLOCK, Plaintiff,**

**v.**

**Edward Michael DEBLOCK, Jr., and Carol Marie Deblock, fka Carol Marie Hart, Defendants.**

**Bankruptcy No. 580–1879.
Adv. No. 580–0528.**

United States Bankruptcy Court, N. D. Ohio.

May 11, 1981.

C. Bailey Clegg, Cleveland, Ohio, for debtors.

Wayne F. Benos, Independence, Ohio, for plaintiff.

## FINDING AS TO DISCHARGEABILITY OF A DEBT

H. F. WHITE, Bankruptcy Judge.

Plaintiff, Sandra Deblock, hereinafter referred to as plaintiff, filed on December 24, 1980, a complaint to determine the dischargeability of a debt due her from said Edward Michael Deblock, Jr. and Carol Marie Deblock, fka Carol Marie Hart, hereinafter referred to as defendants. Plaintiff claimed that said debt was non-dischargeable as provided for under 11 U.S.C. Section 523(a)(5) of the Bankruptcy Code. An answer was filed by the defendants admitting that judgment had been obtained for child support in the amount of Three Thousand Three Hundred Thirty Two Dollars ($3,332.00) in the Common Pleas Court of Cuyahoga County, Division of Domestic Relations as and for arrearages of child support. The Court at the pre-trial dismissed Carol Marie Deblock, fka Carol Marie Hart as a defendant in these proceedings as she is not indebted to the plaintiff.

With leave of Court, the defendant, Edward Michael Deblock, Jr. alleged that the judgment due for arrearage of child support had been assigned on October 16, 1981 to Andrews & Associates, L.P.A., said assignment having been duly recorded on October 29, 1980. It was stipulated between

the parties that on or about January 8, 1981 in the Garfield Heights Municipal Court, Case No. 81–CV–H–24, styled *Sandra Deblock vs. Andrews & Associates, Inc., L.P.A.,* being defendant's Exhibit 4 and the answer being defendant's Exhibit 5, that said assignment was set aside on January 13, 1981 as void because of impossibility of performance and lack of consideration (defendant's Exhibit 6).

The Court makes a further Finding of Fact from the testimony of the witnesses and the exhibits.

1) The plaintiff did obtain a judgment for child support on November 16, 1979 in the amount of Three Thousand Three Hundred Thirty Two Dollars ($3,332.00), said judgment having been duly filed and docketed in the office of Cuyahoga County Common Pleas Court, Domestic Relations Division.

2) The defendant did file a voluntary petition in bankruptcy being Case No. 580–1879 on December 1, 1980, and did schedule Andrews & Associates, Inc., L.P.A. as a creditor and that Sandra Deblock was scheduled as the assignor of the judgment.

3) The Court finds from the testimony of the plaintiff that she was not indebted to Andrews & Associates, Inc., L.P.A. for any sums whatsoever on October 16, 1980 and only made the assignment for purposes of collection and that Andrews & Associates, Inc., L.P.A. were to receive one-third (⅓) of the amount actually collected, said agreement having been entered into before the judgment was obtained in the Common Pleas Court of Cuyahoga County, Ohio.

4) The Court finds from the testimony of Thomas A. Andrews that the assignment was taken in order to expedite the collection of said debt, to obtain information from the credit bureau, and to physically protect their client from Edward Deblock.

5) The Court finds that Andrews & Associates, Inc., L.P.A. did forward to Mr. Deblock a letter, marked defendant's Exhibit 3, threatening to garnishee the defendant's wages and to list the debt with the credit bureau in order to "put a cloud upon your credit so as to make it nearly impossible for you to obtain credit in the future" and did forward to Mr. Deblock a letter, marked defendant's Exhibit 2, making further attempts to collect the debt.

6) The Court finds that after the filing of the complaint by the plaintiff and after Andrews & Associates, Inc., L.P.A. became aware of the question of dischargeability of the debt under 11 U.S.C. 523(a)(5)(A), a petition was prepared and filed in the Municipal Court of Garfield Heights, Ohio, by Sandra Deblock, Attorney Pro Se in which she requested said Court to declare the said assignment to be void where she prayed that both "the contract and the assignment be declared void ab initio and of no effect for reasons of impossibility of performance and lack of consideration," defendant's Exhibit 4, and that an answer was filed on the same date by Andrews & Associates, Inc., L.P.A. admitting the impossibility of performance and lack of consideration and that on January 13, 1981, Judge Kenneth R. Stralka granted said complaint and declared the assignment null and void. Defendant's Exhibit 6.

7) The Court finds that neither the debtor nor the attorney for the debtor were notified of said action even though a complaint had been filed in this Court for determination of dischargeability of said debt. The Court further finds that the complaint by Sandra Deblock requesting that the assignment be declared void was prepared by a member of the firm of Andrews & Associates, Inc., L.P.A., as it is obvious to the Court that Mrs. Deblock did not have the legal background or education or the procedural knowledge to take such action, although Attorney Thomas H. Andrews in his testimony, indicated to the Court that Sandra Deblock did prepare defendant's Exhibit 4 and called him on the phone to inform him of the filing of said complaint so he could prepare an answer and an order.

8) The Court further finds from the testimony of the plaintiff and defendant that no threats had been made on the life of the plaintiff by the defendant though he admitted he was disturbed by the receipt of de-

fendant's Exhibit 3 in which he was informed by Wayne F. Benos, associate of Andrews & Associates, Inc., L.P.A., that he had threatened the life of plaintiff.

## ISSUE

Whether the unrestricted assignment of the judgment by Sandra Deblock to her attorneys, Andrews & Associates, Inc., L.P.A., comes within the provisions of 11 U.S.C. Section 523(a)(5)(A) of the Bankruptcy Code.

## DISCUSSION OF LAW

A debt owed to a spouse, former spouse, or child of the debtor, in connection with a separation agreement, divorce decree, or property settlement agreement, for alimony to, maintenance for, or support of such spouse or child is excepted from discharge but not to the extent that such debt is assigned to another entity, voluntarily, by operation of law, or otherwise. 11 U.S.C. Section 523(a)(5)(A). The Congressional intent in enacting the assignment exception to the alimony, maintenance, or support exception to discharge was to cover the situation where a spouse, who is receiving welfare payments from a governmental agency, voluntarily, or by operation of law, assigns a debt for support and maintenance. 3 Collier On Bankruptcy Section 523.15(4) (15th ed. 1980). The legislative history demonstrates that by enacting subsection (A) of Section 523(a)(5), Congress intended to make support-related liabilities owing to governmental entities such as the welfare department dischargeable and provides as follows:

> Debts related to child support obligations and marital property settlements also are not exempted from discharge. Section 4–506(a)(6) of H.R. 31 and H.R. 32 perpetuate this exemption, although the latter version is more narrowly drawn. Unfortunately, neither bill clearly states that this exception to discharge does not extend to state welfare department liens. This exemption should be a narrow one, benefitting only the expressed beneficiaries, not governmental entities like the welfare department... Bankruptcy Act Revision: Hearing on H.R. 31 and H.R. 32 Before the Subcomm. on Civil and Constitutional Rights of the House Comm. on the Judiciary, 94th Cong., 1st and 2d Sess. 942 (1975–76).

In the case of *Lasher v. McIntyre*, 62 Misc.2d 662, 309 N.Y.S.2d 960 (Fam.Ct.1970) a case under section 17(a)(7) of the Bankruptcy Act, the court held that liability for repayment of public relief funds was dischargeable, since the state, not the family, would be the recipient of such payment. In the case of *Matter of Garrison*, 5 B.R. 256 (Bankr.E.D.Mich.1980), a case under Section 523(a)(5)(A) of the Bankruptcy Code, the court held that since the obligation due the state admittedly arose as the result of an assignment from the debtor's former spouse to the state for monies advanced by the latter for maintenance and support, the debt was dischargeable.

In the instant case, this Court, after hearing the testimony of the witnesses, found that the plaintiff's assignment of judgment to Andrews & Associates, Inc., L.P.A. was not intended to be a true assignment of plaintiff's right to receive child support payments from defendant but rather was made for the purpose of collecting the child support arrearages. This Court found that plaintiff was not indebted to Andrews & Associates, Inc., L.P.A. for any sums whatsoever on October 16, 1980, the date plaintiff assigned the judgment. The judgment was based on defendant's failure to make child support payments, a debt clearly nondischargeable under Section 523(a)(5) of the Bankruptcy Code.

The rights of parties involved in a bankruptcy proceeding are fixed as of the date of the filing of the petition. The action taken by Andrews & Associates, Inc., L.P.A. to void the assignment of judgment subsequent to the filing of the defendant's petition in bankruptcy and upon becoming aware of the language of 11 U.S.C. Section 523(a)(5)(A), although constituting questionable practice, does not change plaintiff's intention in making the assignment.

Therefore, it is the conclusion of this Court, as a court of equity, that the assignment of judgment by plaintiff to Andrews & Associates, Inc., L.P.A. was made solely for the purpose of collecting the child support arrearages owing by defendant and, therefore, the assignment of judgment does not come within the provisions of 11 U.S.C. Section 523(a)(5)(A) and is nondischargeable.