**In the Matter of Gerald V. BEGGIN, Debtor.**

**Patricia M. BEGGIN, Plaintiff,**

**v.**

**Gerald V. BEGGIN, Defendant.**

**Bankruptcy No. 81–00455.**

**Adv. No. A81–0191.**

United States Bankruptcy Court,
W. D. Washington,
at Tacoma.

March 31, 1982.

Sidney S. Rodabough, Seattle, Wash., for plaintiff.

---

John R. Kramer, Tacoma, Wash., for debtor/defendant.

Daniel J. Radin, Asst. Atty. Gen., Seattle, Wash., for State of Wash.

ROBERT W. SKIDMORE, Bankruptcy Judge.

This matter came on for hearing on September 15, 1981, before the undersigned Judge of the above entitled court on plaintiff's request to determine the dischargeability of accrued child support pursuant to 11 U.S.C. § 523(a)(5)(A). Sidney Rodabough appeared on behalf of plaintiff, Patricia Beggin (Amos), John Kramer appeared for defendant, Gerald Beggin, and Daniel Radin appeared for the State of Washington, Office of Support Enforcement.

The facts presented are not in dispute. All parties agree that defendant owed $5,616.13 in accrued child support as of March 11, 1981, when he filed his petition in bankruptcy. The parties do, however, present two legal issues to the court.

■ The first issue is whether plaintiff is the proper party for prosecution of past child support where, as here, her children have reached majority. In *Knittle v. Knittle*, 2 Wash.App. 208, 467 P.2d 200 (1970) the Washington State Court of Appeals resolved this issue as follows:

> After a child reaches majority, contempt proceedings to enforce payment of past due support orders are no longer available, but the custodian of the children does not lose her right to collect arrearage in support by garnishment, attachment or execution.

*Id.* at 210, 467 P.2d 200 (citation omitted). This result is sound especially when the court considers the added burdens imposed on the custodial parent individually when child support is not paid. Thus, this court follows the *Knittle* holding and finds that plaintiff, Patricia Beggin, may properly pursue a claim for accrued child support.

■ The second and more complex issue facing the court is whether a child support debt which has been assigned to the State

for collection purposes only pursuant to R.C.W. 74.20.040 is a dischargeable debt within the meaning of 11 U.S.C. § 523(a)(5)(A).

Section 523(a)(5)(A) states as follows:

> (a) A discharge under Section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> .     .     .     .     .
>
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
>
> A. Such debt is assigned to another entity, voluntarily, by operation of law, or otherwise;
>
> .     .     .     .     .

A literal reading of the above quoted section would seem to support debtor's position that the debt here is dischargeable. Debtor's position is further bolstered by the Code's overall policy of providing the debtor with a fresh start. *In re Grosso*, 9 B.R. 815 (Bkrtcy.N.D.1981); *In re Zangrilli*, 1 B.R. 717 (Bkrtcy.R.I.1979). However, a closer look behind the purposes and policies relating to the Congress's Code treatment of child support generally leads this court to a contrary conclusion.

Congress has clearly placed the support rights of a debtor's former wife and minor children on a higher plane than the debtor's right to a fresh start. 11 U.S.C. 523(a)(5). Where, however, the State is the actual creditor, as in the case of a welfare assignment, the competing policies are more evenly weighted. In fact, the history of Congress's treatment of the dischargeability of child support owed to a State shows a complete lack of consistent policy. On January 4, 1975, Congress adopted 42 U.S.C. § 656(b) which specifically exempted child support assigned to a State from discharge in bankruptcy. *See also, Williams v. DSHS*, 529 F.2d 1264 (9th Cir. 1976). The Bankruptcy Reform Act of 1978, 11 U.S.C. § 523(a)(5)(A)       specifically       repealed

§ 656(b). On August 13, 1981, Section 2334 of P.L. 97–35 readopted the former 42 U.S.C. § 656(b) and again made welfare related child support debts nondischargeable.

The present case involves an assignment to the State pursuant to R.C.W. 74.20.040. This type of assignment which is specifically authorized by 42 U.S.C. § 654(6) is an assignment for collection purposes only. Unlike the Welfare assignment the former spouse and children remain the beneficial owners of the child support payments in the non-assistance collection assignment. This fact is made clear by the following two administrative regulations to R.C.W. 74.20.-040:

> The applicant/custodian shall assign, for collection purposes only the rights to support under R.C.W. 26.16.205 or those rights to support accruing pursuant to Superior Court Order for support. WAC 388–14–310(1).

> .    .    .    .    .

> Support payments received on behalf of the applicant/custodian are forwarded as received after the deduction of fees for services with a statement of the amount of support received and the amount of fees deducted. WAC 388–14–320(2)

Thus, the State is acting merely as a conduit for child support payments owed by the debtor to his former spouse and children.

A review of the legislative history to 11 U.S.C. 523 makes it clear that Congress did not consider the non-assistance assignment when it made welfare assignments dischargeable through the passage of 11 U.S.C. § 523(a)(5)(A). Absent such specific consideration this court will not blindly follow the general language of 523(a)(5)(A) and hold that any and all assignments of child support to third parties are dischargeable. As the United States Supreme Court stated in *Philbrook v. Glodgett*, 421 U.S. 707, 714, 95 S.Ct. 1893, 1898, 44 L.Ed.2d 525 (1975):

> [i]t is a familiar rule, that a thing may be within the letter of the statute, and yet not within the stature, because not within its spirit nor within the intention [of] its makers."

Citing *Church of the Holy Trinity v. United States*, 143 U.S. 457, 459, 12 S.Ct. 511, 512, 36 L.Ed. 226 (1892). *See Also Wetmore v. Markoe*, 196 U.S. 68, 77, 25 S.Ct. 172, 175, 49 L.Ed. 390 (1904).

Rather, the Court finds that the non-assistance assignment is more analogous to the direct support situation than to the welfare assignment situation and that a holding of nondischargeability in this instance is more in keeping with Congressional policies concerning child support. Furthermore, a contrary holding would undercut the effectiveness of the State's very valuable collection program by deterring potential participants who could face loss of their support claims through their spouse's subsequent bankruptcy.

Three other courts facing similar factual situations to those at hand have held the child support debts to be nondischargeable. In *In Re Sturgell*, 7 B.R. 59, CCH Bankruptcy Reporter, ¶ 67, 701 (Bkrtcy.S.D.Ohio, 1980) and *In Re Gilbert*, 10 B.R. 462 (Bkrtcy.N.D.Ind.1981) the Bankruptcy Courts for the Southern District of Ohio and the Northern District of Indiana, each held that support related payments made to the Clerk of the Court were not dischargeable in Bankruptcy. Likewise, the Bankruptcy Court for the Northern District of Ohio, *In Re Deblock*, 11 B.R. 51 (Bkrtcy.N.D.Ohio, 1981) held that the assignment of child support rights to a law firm to collect past due child support did not render the debt dischargeable pursuant to 11 U.S.C. § 523(a)(5)(A). The common thread running throughout all three of the above cited cases is that the assignments made were not true assignments but rather were merely procedures for the orderly and efficient collection of child support on behalf of the custodial parent. Similarly, the State's non-assistance collection program here, merely facilitates the custodial parent's enforcement of child support rights without transferring their beneficial right to receive child support.

Therefore, let it be ORDERED, ADJUDGED AND DECREED that plaintiff,

Patricia Beggin, is entitled to judgment against debtor, Gerald Beggin, in the amount of $5,616.13 and that said judgment is hereby declared nondischargeable.