**In re Konrad Wolff REICHURDT, f/k/a Jody Gervais Gianetto, wwi Erika D'Albert Reichurdt, and the marital community composed thereof, Debtor.**

**Konrad Wolff REICHURDT, f/k/a Jody Gervais Gianetto, Plaintiff,**

**v.**

**Linda CERBELLO, f/k/a Linda Gianetto; and Seattle Bonded, Inc., Defendants.**

Bankruptcy No. 81–02218T.
Adv. No. A82–0425.

United States Bankruptcy Court,
W.D. Washington.

Feb. 15, 1983.

Richard Paroutaud, Chehalis, Wash., for plaintiff/debtor.

Joseph R. Burns, Seattle, Wash., for defendants.

### DECISION ON DISCHARGEABILITY OF SUPPORT OBLIGATION AND PERMANENT INJUNCTION

ROBERT W. SKIDMORE, Bankruptcy Judge.

This matter came on regularly on debtor's Motion for Order to Show Cause for issuance of a Preliminary Injunction to enjoin the defendants' Writ of Garnishment. Richard Paroutaud appeared on behalf of plaintiff/debtor and Joseph R. Burns appeared on behalf of defendants.

The plaintiff seeks a Permanent Injunction enjoining the defendants Linda Cerbel-

lo and Seattle Bonded, Inc. from making efforts to collect on a judgment for back child support entered in King County Superior Court. The parties have submitted this matter on facts admitted in their Pretrial Order and Memoranda of Authorities.

Plaintiff Konrad Reichurdt and defendant Linda Cerbello were divorced by a decree entered on May 18, 1967 in King County Superior Court Cause No. 666–512. The terms of the decree provided that plaintiff was required to pay the defendant child support for the parties' two minor children in the amount of $75.00 per child per month.

On October 23, 1979, defendant Linda Cerbello executed a document entitled "Assignment of Back Child Support" in favor of Seattle Bonded, Inc. The assignment provided:

> ... Linda Gionetto Cerbello does hereby assign and transfer together with all her right, title and interest therein in Back Child Support Judgment case No. [666–512] in the amount of $22,200.00 plus interest to Seattle Bonded, Inc. hereafter known as assignee. Assignee hereby is granted full power to collect, compromise, sue for and discharge same.... Costs, court costs and interest shall be retained by Assignee. The standard fee shall be 50%. The fee applies whether judgment debtor pays Assignor or Assignee. Should Assignor wish to cancel this assignment anytime after work has been performed to initiate collection, Assignor does hereby agree to pay Assignee $11,-100.00 for said cancellation. That said cancellation must be with approval of Assignee in writing....

On February 9, 1981, an agreed judgment in the amount of $11,000.00 was entered against plaintiff in favor of "Linda Gianetto now Linda Cerbello and Seattle Bonded, Inc., assignee of Linda Cerbello."

The plaintiff herein filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on December 7, 1981. In his petition the plaintiff listed Linda Cerbello and Seattle Bonded, Inc. as creditors, indicating the $11,000.00 judgment as a debt. On April

15, 1982, Konrad Reichurdt was granted a discharge.

Subsequently a document entitled "Assignment" was filed in King County Superior Court cause No. 666–512 on June 8, 1982 which provided that Seattle Bonded, Inc. "... do[es] hereby assign to Linda Cerbello all right, title and interest in [the] above captioned case that Seattle Bonded, Inc. may have."

The issue presented is whether defendant Linda Cerbello's child support obligation was "... assigned to another entity voluntarily, by operation of law or otherwise ..." pursuant to 11 U.S.C. § 523(a)(5).

The legislative history of the dischargeability of child support indicates that three definite changes in the statute have occurred in the last six years. On January 4, 1975, 42 U.S.C. 656(b) was adopted which provided that child support assigned to the states pursuant to federal statute was nondischargeable in the same manner as direct payment of child support. Later this provision was repealed by the Bankruptcy Reform Act of 1978 on November 6, 1978. As originally enacted, 11 U.S.C. § 523(a)(5)(A) stated that child support would be dischargeable to the extent that it was "... assigned to another entity, voluntarily, by operation of law, or otherwise."

Most recently 42 U.S.C. § 656(b) was readopted by § 2334 of P.L. 97–35, effective August 13, 1981. The new statute reads:

> A debt which is a child support obligation to a state under Section 402(a)(26) is not released by a discharge in bankruptcy under Title 11, United States Code.

In conjunction with the readoption of 42 U.S.C. § 656(b), 11 U.S.C. § 523(a)(5)(A) was amended to state:

> (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act).

The public policy in favor of the debtor's former spouse and children is only afforded where said parties derive a direct benefit from alimony, child support or maintenance.

Paragraph (5) of 11 U.S.C. § 523(a) excepts from discharge debts to a spouse, a former spouse or child of the debtor for alimony to, maintenance for, or support of the spouse or child. This language in combination with the repeal of § 456(b) of the Social Security Act (42 U.S.C.S. § 656(b)) by § 328 of the Act of November 6, 1978, will apply to make nondischargeable only alimony, maintenance or support owed directly to a spouse or dependent. The purpose of this limitation is to prevent persons other than the debtor's and children from obtaining this privileged status. 3 Bkr.L.Ed.Code Commentary and Analysis, § 22.34, p. 53.

See also H.Rep. No. 95–595, p. 364, U.S. Code Cong. & Admin.News 1978, pp. 5787, 6320, Bkr.L.Ed. Legislative History § 82.17.

This court previously held that a child support debt which has been assigned to the state for collection purposes only is not in the nature of a true assignment but "... merely facilitates the custodial parent's enforcement of child support rights without transferring their beneficial right to receive child support. *Matter of Beggin,* 19 B.R. 759, 761 (Bkrtcy.1982)." Similarly, other courts have found payments directed through the Clerk of the Court, *In Re Sturgell,* 7 B.R. 59, CCH Bankruptcy Reporter ¶ 67,701 (Bkrtcy.1980), *In Re Gilbert,* 10 B.R. 462 (Bkrtcy.1981), and assignment of child support rights to a law firm for collection purposes, *In Re Deblock,* 11 B.R. 51 (Bkrtcy.1981) not to be in the nature of true assignment.

The prevailing definition of a true assignment is as follows:

A legal assignment is a transfer or setting over of property, or of some right or interest therein, from one person to another, and unless in some way qualified, it is properly the transfer of one's whole interest in an estate, or chattel, or other thing. It is the act by which one person transfers to another, or causes to vest in another, his right of property or inerest therein. But to effect a legal assignment, there must be evidence of intent to assign or transfer the whole or part of a specific thing, debt, or chose in action, and the subject matter should be sufficiently described to make it capable of being identified. 6 Am Jr 2d Assignments, § 1, p. 185.

■ The operative document entitled "Assignment of Back Child Support" appears to be in the nature of a true assignment. A definite property interest in the obligation assigned vested in Seattle Bonded, Inc. upon the execution of the assignment. That 50% interest in the back support would inure to the collection agency even in the event the assignee would cancel the assignment at a later time. This reflects more than an intent to make a mere assignment for collection purposes only. It was intended to be a true assignment.

■ The defendants argue that even if the parties' original agreement is construed to be a true assignment, the subsequent "Assignment" back to Linda Cerbello, filed in King County Superior Court Cause No. 666–512 on June 8, 1982 restored to her any rights she may have previously conveyed to Seattle Bonded, Inc. The court cannot agree with the defendant's assertion given the language of 11 U.S.C. § 523(a)(5)(A). The statute already states that the exception to discharge will be allowed as long as the support obligation is not "... assigned to another entity, voluntarily, by operation of law or otherwise...." Once the debt is assigned, the privileged party's status is altered, the purpose for the exception falls, and any right to an exception to discharge under § 523(a)(5)A) is effectively waived. The defendant's attempt to resurrect the exception to discharge after the fact, by execution of the subsequent document, must fail in light of the underlying policy

that exceptions to discharge must be narrowly construed in favor of the debtor. *In Re Stewart,* 10 B.R. 214, 216, (Bkrtcy.1981); *In Re Harlan,* 7 B.R. 83, 85 (1980); *In Re Nichols,* 6 B.R. 842, 845, (Bkrtcy.1980); 3 *Collier on Bankruptcy,* § 523.05A, p. 523–14 (15th ed. 1982). Therefore, it is

ORDERED, ADJUDGED AND DE-CREED that defendants' debt is dischargeable in the bankruptcy proceeding herein and the plaintiff shall be afforded protection of the permanent injunction relief set forth in 11 U.S.C. § 524; and it is further

ORDERED that this decision shall constitute Findings of Fact and Conclusions of Law as required by Rule 782 of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that the attorney for the plaintiff prepare a judgment in accordance with this decision and note said judgment for presentation within ten days of the issuance of this decision.