**WINSLOW ENGINEERING COMPANY, Appellant-Petitioner,**

v.

**LeRoy SMITH, an individual, doing business as Rol Pak Co., Appellee-Respondent.**

**No. 13551.**

United States Court of Appeals
Ninth Circuit.

Dec. 14, 1955.

---

A. Donham Owen, San Francisco, Cal., for appellant.

Lyon & Lyon, Reginald E. Caughey, Los Angeles, Cal., for appellee.

Before DENMAN and POPE, Circuit Judges, and BYRNE, District Judge.

PER CURIAM.

After our former decision in this case, 223 F.2d 438, we granted a rehearing limited to the question whether the appellant's claims are invalid under the rule of Graver Tank & Mfg. Co. v. Linde Air Products Co., 336 U.S. 271, 277, 69 S. Ct. 535, 538, 93 L.Ed. 672. Reference to our former opinion will disclose the reasons why we previously answered that question in the affirmative.

During the rehearing, the appellant, in analyzing the portion of the opinion in the Graver case which set forth the principles applicable to the requirement that statements of claims must " 'particularly point out and distinctly claim' " an identifiable invention or discovery, placed much emphasis upon the language of the court at page 277 of 336 U.S., at page 539 of 69 S.Ct. in which it was said: "We think the District Court correctly applied this principle to claims 24 and 26." Appellant then laid alongside of this portion of the Supreme Court's opinion the following language used by the district court in the decision of that case, 86 F. Supp. 191, at page 199: " 'In the first of the cited cases the general rule is clearly stated to the effect that a claim which is capable both of broad and narrow construction in the light of the specification will be given that construction which sustains the patent, but therein it is held that "where, from the specification or the history of the application or the language of the claim it is clear that the patentee intended to claim and the Patent Office intended to grant the broader monopoly which turns out to be invalid, the courts will not, for the arbitrary purpose of sav-

ing the claim, read into it a limitation which it does not have." ' " He points out that the language just quoted alludes to the case where " ' "it is clear that the patentee *intended* to claim and the Patent Office *intended* to grant the broader monopoly." ' " (Emphasis added.)

As we understand appellant's argument, it is that by the use of this language the district court undertook to say that it is only where the patentee *intended* to overclaim that he may not resort to the specifications for clarification by way of limitation of the language used in the claims; that the Graver case was an instance of intentional overclaiming since it involved a chemical patent in which the court could infer that the language used in claims 24 and 26 of that patent had been deliberately made all-inclusive for the purpose of taking in chemical combinations which might turn up in the future, and therefore that case must be limited to such an intentional overclaiming. This is deduced from the fact that in the quoted language the Supreme Court expressed its approval of the district court's application of the principle involved.

We have again given careful consideration to the decision of the Supreme Court in the Graver case and we find ourselves unable to read in that decision the limitation thus suggested by appellant. If, as we felt was the case, Winslow had produced a combination which measured up to an invention, it was because the various elements contained the growth factor to which our previous opinion alluded. In Graver the Court said with respect to the claims that "their text must be sufficient to 'particularly point out and distinctly claim' an identifiable invention or discovery." For the reasons which we endeavored to state in our former opinion we are still of the view that the texts of the claims here involved fail to measure up to such standards. Again, the Court said: "It would accomplish little to require that claims be separately written if they are not to be separately read." 336 U.S. at page 277, 69 S.Ct. at page 538. It must be conceded that these are

very rigid standards, but if the decision in the Graver case is to be limited in the manner for which appellant here contends, the Supreme Court will have to do it.

We adhere to our former opinion.