**In the Matter of Karen Ann STRANATHAN, Plaintiff,**

v.

**Clayton Robert STOWELL, Defendant.**

**Walter B. ATKINSON, Plaintiff,**

v.

**Catherine N. ATKINSON, Defendant.**

**Bonnie J. MINCEY, Plaintiff,**

v.

**Lewis H. MINCEY, Defendant.**

**Bradford Maurice HOLST, Plaintiff,**

v.

**POSTAL FINANCE COMPANY, Defendant.**

**Betty McKee WILSON, Plaintiff,**

v.

**Robert S. McKEE, Defendant.**

**Bankruptcy Nos. A80–290, A80–314, A80–519, A80–594 and A80–593.**

United States Bankruptcy Court, D. Nebraska.

Nov. 12, 1981.

David Geier, Lincoln, Neb., for Walter B. Atkinson.

Robert Kinsey, Jr., Lincoln, Neb., for Catherine N. Atkinson.

John E. North, Jr., Omaha, Neb., for Karen Ann Stranathan.

Steven T. Swihart, Omaha, Neb., for Clayton Robert Stowell.

Bert Blackwell, McCook, Neb., for Bradford Holst.

LeRoy Anderson, North Platte, Neb., for Postal Finance.

Van A. Schroeder, Papillion, Neb., for Bonnie Mincey.

Chris M. Arps, Papillion, Neb., for Lewis H. Mincey.

Thomas Prohaska, Omaha, Neb., for Betty McKee Wilson.

Richard F. Welling, Omaha, Neb., for Robert S. McKee.

## MEMORANDUM OPINION

DAVID L. CRAWFORD, Bankruptcy Judge.

These cases concern the meaning and effect of § 523(a)(5) of the Bankruptcy Code. In several of them the parties seek to determine the dischargeability of certain marital debts which a spouse was ordered to pay pursuant to divorce proceedings. A threshold issue not previously resolved in this district is whether amounts payable to third parties on debts for which spouses are jointly liable can be held nondischargeable as alimony, maintenance or support. I find that such debts can be nondischargeable even though they are technically not payable directly to a spouse.

Section 523(a)(5) excepts from discharge debts

"to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support."

Some courts have held that debts to creditors are dischargeable because they are not payable directly to the former spouse, and some have held that such debts are in effect assigned to another entity and are dischargeable on that basis. *In re Allen*, 4 B.R. 617, 6 B.C.D. 576 (Bkrtcy.E.D.Tenn. 1980); *In re Spong*, 3 B.R. 619, 6 B.C.D. 604 (Bkrtcy.W.D.N.Y.1980); *In re Crawford*, 8 B.R. 552, 7 B.C.D. 275 (Bkrtcy.D.Kansas 1980). I consider this view of § 523(a)(5) to be strained.[1]

Payments to a third party for joint debts which release the nonpaying spouse from the financial obligation are actually

---

1. See: *In re Pelikant*, 5 B.R. 404 (Bkrtcy.N.D. Ill.1980); *In re Henry*, 5 B.R. 342 (Bkrtcy.M.D. Fla.1980); *In re Williams*, 3 B.R. 401, 6 B.C.D. 341 (Bkrtcy.N.D.Ga.1980); *In re Warner*, 5 B.R. 434, 6 B.C.D. 788 (Bkrtcy.D.Utah 1980); *In re Bell*, 5 B.R. 653, 6 B.C.D. 833 (Bkrtcy.W.D. Okla.1980); *In re Sturgell*, 7 B.R. 59 (Bkrtcy.S. D.Ohio 1980); *In re Cleveland*, 7 B.R. 927 (Bkrtcy.D.S.D.1981); *In re Breaux*, 8 B.R. 218 (Bkrtcy.W.D.La.1981); *In re Massimini*, 8 B.R. 428 (Bkrtcy.W.D.Pa.1981); *In re French*, 9 B.R. 464 (Bkrtcy.N.D.Cal.1981); *In re Knabe*, 8 B.R. 53, 7 B.C.D. 185 (Bkrtcy.S.D.Ind.1980); *In re Wells*, 8 B.R. 189, 7 B.C.D. 272 (Bkrtcy.N.D.Ill. 1981).

indirect payments to the spouse. This view is supported by the legislative history, which consistently states that debts are nondischargeable if they result "from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance or support of the spouse...." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 364 (1977), S.Rep. No. 95–989, 95th Cong., 2d Sess. 79 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5865, 6320; see also 124 Cong.Rec. H11,096 (daily ed. Sept. 28, 1978). Also, debts for which the nonpaying spouse continues to be liable have clearly not been assigned to another entity. The test of whether the debt has been assigned under § 523(a)(5)(A) is whether or not the nonpaying spouse will receive any present benefit from the payment of the debt. Accord: *In re Knabe*, 8 B.R. 53, 7 B.C.D. 185 (Bkrtcy.S.D.Ind.1980); *In re Wells*, 8 B.R. 189, 7 B.C.D. 272 (Bkrtcy.N.D.Ill.1981). Thus, so long as the required payments are determined to be actually alimony, maintenance or support, as opposed to debt division or property settlement, the payments can be held nondischargeable under § 523(a)(5). Other than the provision for discharge of assigned support, § 523(a)(5) is essentially a codification of prior law on the subject.

The determination of the nature of the debt is to be made under federal law and is not absolutely controlled by state law. H.R.Rep., *supra*; S.Rep., *supra*; 3 Collier on Bankruptcy para. 523.15 at 523–108 (15th ed. 1979). One court has noted that this is not actually a change from the law as it existed under the former Bankruptcy Act, but that the legislative history can be construed to support a "line of cases which focuses on whether the obligations imposed arose from a legal duty of support and were imposed in discharge of that duty" as opposed to a line of cases which limited the inquiry to "whether the debt possesses the traditional characteristics of state law support obligations...." *In re Warner*, 5 B.R. 434, 6 B.C.D. 788 (Bkrtcy.D. Utah 1980). The practice in this Court under the Bankruptcy Act was to look to the nature rather than the form of the obligation, and accordingly I find the reasoning in *Warner* to be persuasive.

*Stranathan v. Stowell*: The parties were divorced after three years of marriage. They had no children, were each in good health, and were both employed and earning approximately equal salaries. The divorce decree requires Mr. Stowell to pay an unsecured debt to J. C. Penney's of $442, a debt to Nebraska Furniture Mart, representing furniture retained by him of $764, and a debt to Wendell Stranathan of $6,000, representing commercial carpet cleaning equipment retained by Mr. Stowell. In addition, Mr. Stowell was ordered to pay attorney's fees and costs of $536. The marital debts which Mr. Stowell was to pay were found to be "in the nature of and in lieu of alimony." Ms. Stranathan was ordered to pay certain unsecured debts totalling $650. Each party was required to hold the other harmless on their respective debts.

Under these circumstances, I cannot find that the marital debts which Mr. Stowell was required to pay were anything other than a division of indebtedness in spite of the language of the decree. Each party was equally capable of self-support, and the relatively brief marriage which produced no dependents created no other equitable factors requiring one party to support the other. Clearly each party was simply required to pay indebtedness associated with property he or she retained, and this result is not altered by the unfortunate circumstance that one of the creditors was Ms. Stranathan's father. Accordingly, the marital debts are discharged by this Chapter 7 proceeding. However, I hold that the attorney's fee and costs are not dischargeable.

The generally accepted law prior to the enactment of the Bankruptcy Reform Act was that attorney fees awarded to the spouse were nondischargeable as in the nature of alimony or support. See *Smith v. Smith*, 7 F.Supp. 490 (W.D.N.Y.1934); *Allison v. Allison*, 150 Colo. 377, 372 P.2d 946

(1962); *Damon v. Damon*, 283 F.2d 571 (1st Cir. 1960). Neither the language of the statute nor the legislative history suggests that a change in this law was intended. In general, it is commonly accepted that the award of attorney fees is for the purpose of supporting the spouse in the litigation regarding the divorce.[2]

*Atkinson v. Atkinson*: The parties were divorced after 10 years of marriage which produced one minor child. Child support provisions are not at issue here. During the course of the marriage, Dr. Atkinson obtained a dental degree and a license to practice dentistry, resulting in an income of $24,787.97 in the year prior to the filing of the divorce. Mrs. Atkinson obtained a Ph.D. in Generic Special Education and was found by the trial court to be capable of earning in excess of $15,000 per year. The trial court found that Mrs. Atkinson had "contributed a considerable amount of her time and also of her personal assets to the acquisition of Dr. Atkinson's dental degree and license to practice dentistry." After a fully contested trial, the court awarded Mrs. Atkinson $15,000.00 lump sum alimony payable in 50 monthly installments. The balance was eventually accelerated due to Mr. Atkinson's refusal to make payments. $10,491.44 is presently due and owing.

█ The debtor takes the position that the lump sum alimony was intended to compensate Mrs. Atkinson for her contributions to his professional education. I find this to be the case. However, this does not mean that the award is thereby excluded from the category of alimony, maintenance or support. Almost all awards of alimony, maintenance or support are intended in part to compensate the recipient spouse for efforts and resources devoted to the marriage. The debtor also argues that Mrs. Atkinson did not need the award because she had a substantial earning capacity of her own and that any award not actually necessary to the recipient spouse's survival is not alimony, maintenance or support. I

note that § 523(a)(5) does not contain a "needs" test, although a consideration of the needs of the recipient spouse at the time of the divorce would be a major factor in determining whether an award was intended to be alimony, maintenance or support or something else. However, other factors besides need may also be considered, and the efforts of a spouse toward the successful completion of the other's professional education are a classic example. I find that the award was in the nature of alimony and is nondischargeable in this proceeding.

*Wilson v. McKee*: The parties were divorced after 19 years of marriage. By stipulation, Mr. McKee agreed to pay $80.00 per month child support for each of the three minor children and $60.00 per month alimony. The parties further stipulated: "It is understood and agreed by both parties that the amount of child support and alimony, above fixed, are in amounts which reflect the fact that Respondent has been without work, presently has limited income and various accrued obligations...." At issue here is whether a $25,399 mortgage which Mr. McKee agreed to pay pursuant to the stipulation is nondischargeable.

The mortgage encumbered Mrs. McKee's residence and a piece of commercial property out of which she operated a business. Mrs. McKee inherited the property from her grandmother during the marriage and later encumbered it to subsidize her husband's insurance business. Some time after the divorce, the house was sold and the proceeds deposited to secure the mortgage. The insurance business failed and Mr. McKee was unemployed at the time of the divorce. Mrs. McKee's sole income was $100 per week salary from her business. Mr. McKee was not represented by counsel during the divorce proceedings.

█ It is settled law that a court order to pay a mortgage on a family residence may be within the definition of alimony, maintenance or support. *Poolman v. Poolman*, 289

---

**2.** The most recent such interpretation under the Code is *Pauley v. Spong*, 661 F.2d 6 (2nd Cir. 1981).

F.2d 332 (8th Cir. 1961). However, I think this Court's responsibility goes beyond ascertaining the purpose of a payment. Even awards explicitly designated as alimony may be discharged in bankruptcy proceedings if they are not actually "in the nature of" alimony. Bankruptcy Code § 523(a)(5). This type of obligation has the unique status of being nondischargeable in any form of bankruptcy proceeding. Accordingly, this Court has an obligation to carefully examine the situations of the parties at the time of the granting of the divorce decree.

Clearly every payment to or on behalf of a former spouse could be support for the spouse in that it will increase his or her standard of living. However, support within the meaning of the Bankruptcy Code must be limited by what a spouse can reasonably be expected to pay. One of the harsh realities of divorce proceedings is that parties who were frequently in economic difficulties prior to divorce have more serious problems afterwards. The fact that many people simply cannot pay debts that they equitably ought to pay is the reason for the existence of this Court.

█ In this case, it seems unlikely that the McKees could have paid the mortgage if they had remained married. Though unemployed, Mr. McKee was obligated by the divorce decree to pay support of $300 per month. The mortgage and other indebtedness which he was also required to pay at the time of the divorce added burdens which greatly exceeded any reasonable prospects of Mr. McKee's abilities to pay. Had the business succeeded or had Mr. McKee reasonable prospects of substantial income from other employment, Mrs. McKee could reasonably have expected repayment of the mortgage to be nondischargeable support for herself and her family. Given the failure of the business and the fact that even the designated support obligations exceeded Mr. McKee's ability to pay at the time of the divorce and remains beyond his ability at this time, I find that this debt was not in the nature of alimony, maintenance or support and is dischargeable.

*Mincey v. Mincey*: The Minceys were divorced after 28 years of marriage. Mrs. Mincey receives $300 per month alimony and $200 per month child support out of which she pays a first mortgage, a car payment and her living expenses. She supplements this income by babysitting in her home. Mr. Mincey earned $2000 per month at the time of the divorce as the income from two full-time jobs plus military retirement pay. His present income is not in evidence, although Mrs. Mincey stated at trial that he is not now working two jobs.

In addition to the support, Mr. Mincey was required by the divorce decree to pay a second mortgage of $5,524, $819 representing a purchase money security interest in a stove, $2,219 representing a nonpurchase money security interest in household goods retained by Mrs. Mincey, $7,273 to various unsecured creditors, and $400 in attorney's fees. Mr. Mincey's scheduled debts in this bankruptcy proceeding total $41,703.03 while his assets are worth $16,956.50. $15,556.50 of this constitutes half of the value excluding the two mortgages of Mrs. Mincey's residence. Mr. Mincey will realize his share of the equity in the residence only if Mrs. Mincey dies, sells or remarries in his lifetime.

█ Mrs. Mincey requests that the marital debts be found nondischargeable so that she can avoid the necessity of filing bankruptcy on her own behalf. However, it is clear that Mrs. Mincey's desire to avoid bankruptcy can only be satisfied by sacrificing Mr. Mincey's right under the Bankruptcy Code to a fresh start and by burdening him with debts which are far beyond the capacity of either Mr. or Mrs. Mincey to pay. During the 28 year marriage, Mrs. Mincey was a housewife and dependent on her husband's income and certainly merits substantial support, but the level of support must still be qualified by Mr. Mincey's ability to pay. In this case, the order to pay marital debts which could be discharged or eliminated in bankruptcy was simply the assignment of a burden to the more solvent of two insolvent parties. Accordingly, I hold that the unsecured debt of $7,273 and

the nonpurchase money lien in household goods of $2,219 are dischargeable in this bankruptcy proceeding. The second mortgage, the $819 purchase money security interest, and the attorney's fees are support and are nondischargeable.

*Holst v. Postal Finance Company*: Mr. Holst filed a complaint for the return of wages Postal Finance Company received pursuant to a wage assignment, and Postal counterclaimed that the debt was nondischargeable because Mr. Holst had been ordered to pay the debt pursuant to a divorce proceeding. Mrs. Holst eventually joined in the counterclaim. The Holsts were married about two years and had no children. Both had and continue to have minimal earning capacity, and both are now attempting to support dependents with their earnings. The divorce decree explicitly states that the debt payment arrangements are as property settlement and not as alimony.

I find it difficult to perceive how either of the parties will even meet current obligations on their present income and would not find the debts to be alimony, maintenance or support for the reasons expressed earlier in this opinion. I also believe that an explicit finding in the divorce decree that a payment arrangement is not alimony should have some weight in this proceeding. Finally, given the duration of the marriage and the circumstances of the parties, I find no factors which would have supported an award of alimony, maintenance or support with the possible exception of certain medical bills which neither Mr. Holst or the former Mrs. Holst can afford to pay in any event.

A separate judgment is entered in accordance with the foregoing.