In re Mary Virginia FIELDS, Debtor.

Steven L. ZIMMERMAN, Trustee, Plaintiff,

v.

Dr. Harry STARNES, Defendant.

and

Harry Dee STARNES, Connie Margaret Starnes, Plaintiffs,

v.

Mary Virginia FIELDS, Defendant.

Bankruptcy Nos. 81 K 2679, 82 Mc 0451.

United States Bankruptcy Court, D. Colorado.

Sept. 15, 1982.

T. Michael Turner, Fort Collins, Colo., for Harry Dee Starnes.

Arthur Lindquist-Kleissler, Denver, Colo., for Trustee.

## ORDER DISCHARGING BACK CHILD SUPPORT PAYMENTS TRANSFERRED TO DEBTOR'S TRUSTEE IN BANKRUPTCY

JOHN F. McGRATH, Bankruptcy Judge.

The question presented to this Court for determination is whether or not the amount of $27,275.00 of back child support found by the Court to be owed by the Debtor Harry Dee Starnes to Mary Virginia Fields is discharged by law since the debt is now property of the Trustee of the estate of Debtor Mary Virginia Fields.

On June 8, 1981, Mary Virginia Fields filed a Chapter 7 voluntary petition in United States Bankruptcy Court in Denver, Colorado. Among her assets she listed child support arrearage in the amount of $29,000.00 from Harry Dee Starnes. Steven L. Zimmerman, a panel trustee, was appointed interim trustee. The Trustee then instituted litigation for the collection of the child support arrearages by filing an adversary proceeding, No. 81 K 2679, against Harry Dee Starnes on November 30, 1981.

On January 20, 1982, Harry Dee Starnes filed a bankruptcy petition. He then filed adversary proceeding No. 82 MC 0451 to determine the dischargeability of the debt above. The parties agreed that the two cases be consolidated and on August 17, 1982, this matter was heard. At that time the Court determined that $27,275.00 was owed as back child support and that there were no set-offs against this amount.

To determine dischargeability, a court must first determine if this liability is not only designated as, but actually is, in the nature of alimony, maintenance, or support under 11 U.S.C. § 523(a)(5)(B).

523(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of such spouse, or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support;

This Court has concluded that there is a debt owed for child support. That debt would not be discharged under 523(a)(5) unless

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise, other than debts assigned pursuant to § 402(a)(26) of the Social Security Act;

The question of whether the transfer of this interest under 11 U.S.C. § 541 to the Trustee of the Debtor's estate is an assignment to another entity under 11 U.S.C. § 523(a)(5)(A) and thus a dischargeable debt is, we believe, a question of first impression for the United States Bankruptcy Court for the District of Colorado.

The cases involving whether or not there has been a dischargeable assignment to another entity seem to fall into three main categories.

(1) These are cases where the Debtor has been ordered or has agreed to pay certain joint debts incurred by the parties during their marriage, and where the Debtor agrees to hold harmless the former spouse for these debts. Some court have strictly construed the provisions and hold the debt is assigned unless it is being paid directly to the spouse. *In re Nelson*, 16 B.R. 658 (Bkrtcy. M.D. Tenn. 1981). *In re Crawford*, 8 B.R. 552 (Bkrtcy. D. Kansas. 1980). Other courts have found the debts nondischargeable to the extent that they are found to be

part of the agreement in payment of alimony, maintenance or support. These courts look to the rule that dischargeability is determined by the substance of the liability rather than its form. *In re Spong,* 661 F.2d 6 (2d Cir. 1981), 5 C.B.C. 242, 8 B.C.D. 150; *Growney v. Growney,* 15 B.R. 849 (Bkrtcy. W.D.N.Y. 1981). Courts look at the legislative history and balance the concern that the payment be made directly to a spouse or former spouse along with other congressional concerns that certain obligations should survive discharge. *In re French,* 9 B.R. 464 (Bkrtcy. S.D. Cal. 1981).

A test suggested in *Stranathan v. Stowell,* 15 B.R. 223 (Bkrtcy. D. Nebr. 1981) is to see if the non-paying spouse will receive any present benefit from the payment of the debt. (Citing *In re Knabe,* 8 B.R. 53 (Bkrtcy. S.D. Ind. 1980) and *In re Wells,* 8 B.R. 189 (Bkrtcy. N.D. Ill. 1981).

(2) Another group of cases are those wherein the Court has ordered the Debtor to pay attorney fees for the former spouse or children. Again one line of cases holds strictly to the third party exception, while another line holds that if the award is in the nature of support, maintenance, or alimony the debt is not dischargeable even though payable to a third person. *In re Wells,* supra.

(3) The third line of cases has to do with assignment to another agency to collect the amount due. Earlier cases were in conflict as to assignments to State Welfare Agencies and to clarify this Congress passed an Amendment to § 523(a)(5)(A) in August, 1981 adding "other than debts assigned pursuant to § 402(a)(26) of the Social Security Act." A case wherein a former spouse assigned the debt to a law firm was held not dischargeable because the spouse was still entitled to the benefit and the law firm was merely collecting the debt. *In re DeBlock,* 11 B.R. 51 (Bkrtcy. N.D. Ohio. 1981). Assignment to a state agency for collection was found to be merely a way to more efficiently collect the benefits and not a transfer of the spouse's beneficial right to receive child support in the *Matter of Beggin,* 19 B.R. 759 (Bkrtcy. W.D. Wash. 1981)

and *Matter of Sturgell,* 7 B.R. 59 (Bkrtcy. S.D. Ohio. 1980).

The theme running through all three lines of cases is that the payment of alimony, maintenance, or support must give some direct benefit to the spouse or child.

We find that the panel trustee, Mr. Zimmerman, is a legal entity. 11 U.S.C. § 101(14) defines entity as including a person, estate, trust or governmental unit. The legislative history of this section indicates that entity is the most inclusive of the defined terms relating to bodies or units. H.R.No.95–595, 95th Cong., 1st Sess. 310–311 (1977); S.Rep. # 95–989, 95th Cong. 2d Sess. 23–24 (1978), U.S. Code Cong. & Admin. News, p. 5787. At 11 U.S.C. § 15101 the word entity is defined as including the U. S. Trustee in jurisdictions in the pilot program. 1 Bankruptcy Service, L.Ed. § 2:69 states that:

A trustee is armed with substantial rights and powers, discussed throughout this act to enable him to perform these duties. But, as was said under the 1989 Act, *a Trustee is a legal entity created by law* and has no greater power or rights than the law creates. (Emphasis added.) Footnote to *King v. Sharp,* (1974 D.C. Tex.) 63 F.R.D. 60.

The trustee's power to take over all legal and equitable property interests for the estate of the debtor as of the commencement of the estate under 11 U.S.C. § 541(a)(1) would be an assignment to another entity by operation of law under 523(a)(5)(A). The legislative history of 541 indicates that all the property of the debtor comes into the estate, even that needed for a fresh start. "Once the estate is created, no interests in the property remain in the debtor." H.Rep. # 95–595, 95th Cong., 1st Sess. 367–8, (1977); S.Rep. # 95–989, 95th Cong. 2d Sess. 82–3 (1978), U.S. Code Cong. & Admin. News, p. 5869.

Thus it is clear that in this case Mary Virginia Fields will receive no present benefit under the *Stranathan* test, nor any direct benefit from the payment of this child support arrearage. If paid, the monies would go directly to the trustee for the

benefit of the creditors of Mary Virginia Fields' bankruptcy estate. The trustee argues that Ms. Fields will receive some benefit due to the $7,900.00 exemption claimed in her bankruptcy proceeding. We maintain that 11 U.S.C. § 541 requires ALL of the debtor's property to be turned over to the trustee of the estate, thus the assignment is of all of her interest.[1]

Ms. Fields has been given her Congressionally mandated fresh start by her Order of Discharge signed by United States Bankruptcy Judge Glen E. Keller, Jr. and filed July 22, 1981. She will receive no present or direct benefit from payment of this child support. In these circumstances we therefore find that Congress' intent to provide alimony, maintenance and support is outweighed by the policy of providing debtors with a fresh start.

THEREFORE, IT IS HEREBY ORDERED that the child support arrearage of $27,275.00 owed by Harry Dee Starnes is discharged under 11 U.S.C. § 523(a)(5)(A) as a debt assigned to another entity, and it is

FURTHER ORDERED that the Trustee's Complaint for Collection of the Account from Harry Dee Starnes is dismissed.

---

1. Then under 11 U.S.C. § 522 the Court has jurisdiction to determine what property will be exempt and what remains property of the estate. But the matter of exemptions in Mary Virginia Fields' bankruptcy estate is not the matter before this Court today.