**In re John William WELCH, Debtor.**

**Bankruptcy No. 82–20607.**

United States Bankruptcy Court,
D. Kansas.

July 18, 1983.

ten (10) days after the entry of judgment, order, or decree concerned."

Thomas M. Mullinix, Kansas City, Kan., for debtor.

Joseph H. McDowell, Kansas City, Kan., trustee.

Donald C. Amrein, Olathe, Kan., court trustee-Johnson County, Kan.

Larry E. Staats, Columbus, Ohio, trustee in Bankruptcy for Shelly Howell.

Carol Park, Wichita, Kan., Asst. U.S. trustee.

MEMORANDUM OPINION

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

This matter came on for hearing on February 22, 1983, upon the debtor's objection to Claims # 5 and # 7.  The debtor, John William Welch, appeared in person and by his attorney, Thomas M. Mullinix, of Evans, Mullinix & Jarczyk.  The Standing Trustee, Joseph H. McDowell, also appeared.  The claimants, Larry E. Staats, Trustee in Bankruptcy for the Ohio estate of Shelley Howell;  and Donald C. Amrein, State

5.  Sol Koppel, an attorney, was involved in the negotiation and finalization of the stipulation in question.

Court Trustee of District Court of Johnson County, Kansas, did not appear. Shelley Howell did not appear. The debtor filed a memorandum and Trustee Staats filed a response to the debtor's objection and the matter is ready for resolution.

## FINDINGS OF FACT

The facts are undisputed. Based on the exhibits, pleadings and file herein, the Court finds as follows:

1. That the Court has jurisdiction of the parties and subject matter pursuant to Rule 42 of the United States District Court, District of Kansas.

2. That John Welch and Shelley R. Welch (now Shelley Howell) were divorced on August 18, 1978, in the District Court of Johnson County, Kansas. Pursuant to a "Property Stipulation Agreement", John Welch was ordered to pay $150.00 per month in child support through the office of the Trustee of the District Court of Johnson County, Kansas. Shelley Welch (now Howell) received custody of their minor child.

3. In 1981 Shelley Howell filed a bankruptcy petition in the Southern District of Ohio. On February 23, 1982, Bankruptcy Judge D.J. Kelleher awarded a default judgment to Larry E. Staats, Ohio Trustee in Bankruptcy, against John Welch, for child support arrearages of $1,050.00, $60.00 in costs and interest at 8% per annum from June 5, 1981.

4. That on June 29, 1982, John Welch filed a Chapter 13 petition in this Court.

5. That on June 29, 1982, Donald C. Amrein, State Court Trustee of the District Court of Johnson County, filed a proof of claim in the amount of $2,700.00 for child support arrearages. That claim was superseded by a claim filed by Amrein on September 7, 1982, in the amount of $3,000.00.

6. That on August 30, 1982, Trustee Staats filed a proof of claim in the amount of $1,110.00 based on his default judgment.

7. That on December 9, 1982, the debtor and Mrs. Howell caused a Stipulated Journal Entry to be filed in the District Court of Johnson County, Kansas. The debtor agreed to sign a consent to the adoption of their minor son by Mrs. Howell's husband. Mrs. Howell agreed to release the debtor from liability and to waive all rights to collect future and past due child support; and she agreed not to prosecute the debtor and to dismiss any pending actions for collection of child support.

8. That Claim # 7 of Donald C. Amrein was allowed as unsecured in the amount of $24.88 on February 15, 1983, based on notice from his office that the John Welch case was closed and that no more money would be accepted from the Standing Trustee. Apparently, Amrein's office closed the case because of Mrs. Howell's waiver of all future and delinquent child support and her agreement to dismiss pending actions. The Standing Trustee's report reflects that the $24.88 balance due on Claim # 7 was paid in March, 1983. Therefore, the debtor's objection to Claim # 7 is moot.

## ISSUE INVOLVED

WHETHER OR NOT A CUSTODIAL PARENT'S RIGHT TO COLLECT CHILD SUPPORT ARREARAGES IS A PROPERTY INTEREST THAT PASSES INTO HER BANKRUPTCY ESTATE SUCH THAT THE TRUSTEE OF HER BANKRUPTCY ESTATE IS THE PROPER PARTY TO FILE A PROOF OF CLAIM IN THE BANKRUPTCY ESTATE OF THE NON–CUSTODIAL PARENT.[1]

## CONCLUSIONS OF LAW

Title 11 United States Code § 541 states in pertinent part as follows:

"§ 541. Property of the estate.

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised

---

1. The Court finds it unnecessary to reach the issue of whether Mrs. Howell's post bankruptcy waiver of all rights to collect child support divested her bankruptcy trustee of any right to collect child support arrearages from Mr. Welch's bankruptcy estate.

of all the following property, wherever located:

> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

\* \* \* \* \* \*

> (b) Property of the state does not include any power that the debtor may only exercise solely for the benefit of an entity other than the debtor."

■ Section 541 is broad in scope, encompassing all kinds of property, including tangible and intangible property, causes of action, choses in action, and property the debtor holds in trust for another. The estate takes no greater interest in the property than the debtor has. Thus, with respect to property the debtor holds in trust for another, the estate takes legal but not equitable title to the property. See H.R. 95–595, 95th Cong., 1st Sess. (1977) 367–8; S.R. 95–989, 95th Cong., 2d Sess. (1978) 82–3, U.S.Code Cong. & Admin.News, 1978, p. 5787; 124 Cong.Rec.H. 11,1114 (Sept. 28, 1978); S. 17, 430–1 (Oct. 6, 1978).

Section 541 seemingly is all encompassing but it is important to note that only property interests *belonging to the debtor* pass into the estate under § 541. Neither the Code nor the Bankruptcy Act provides any rules for determining whether a property interest actually belongs to the debtor. The existence and nature of the debtor's interest must be determined by resort to non-bankruptcy law, usually state law.

Here the trustee, Mr. Staats, urges the Court to concur with a decision of the Hon. G.L. Pettigrew, United States Bankruptcy Judge, Southern District of Ohio. In *In re Naomi Tibitha Harris,* Bkr.No. 2–80–00761 (May 26, 1981), Judge Pettigrew held that child support arrearages were property of the custodial parent's bankruptcy estate. Recognizing that state law determined the existence and nature of property interests under § 541, Judge Pettigrew stated:

> "... *This Court has found no Ohio case law or statute which states that a custo-* dial parent owns the right to obtain a judgment for child support arrearages and to execute on that judgment. However, it is clear that obtaining and executing on a judgment for child support arrearages is a private civil action which may be pursued personally by one awarded child support payments against a noncustodial parent. The child's custodian who collects child support payments, both current and past arrearages, is not required to account for the use of those payments, so as to imply a fiduciary arrangement or obligation, even though the provisions of a divorce decree providing for child support payments have been construed as for the benefit of the child. (citations omitted)"

■ This Court is respectfully constrained to disagree with Judge Pettigrew for several reasons: First, this Court is bound to follow Kansas law in construing a Kansas divorce decree. In Kansas, child support is clearly a chose in action belonging to the child. *Myers v. Anderson,* 145 Kan. 775, 67 P.2d 542 (1937); *Wheeler v. Wheeler,* 196 Kan. 697, 414 P.2d 1 (1966). In *Myers, supra,* the court held that the custodial parent was without authority to settle or compromise her child's chose in action, absent a statute or proper procedure in court.

Secondly, while most states, like Ohio, have not expressly determined ownership of child support, the emerging view is that child support is a property interest belonging to the child and the custodial parent merely has a right to enforce her child's property interest. See *In re Gardner,* 243 F.Supp. 258, 260 (USDC Or.1965), *aff'd* 365 F.2d 242 (9th Cir.1966), where the court held that the child support arrearages were not property of the custodial parent's bankruptcy estate. That court found virtually no Oregon law dealing explicitly with the ownership of claims for child support arrearages. However, citing *State ex rel. Casey v. Casey,* 175 Or. 328, 153 P.2d 700 (1944), the court found that a custodial parent deals with child support as a fiduciary for her child. The court hestitated to find

that a custodial parent was a trustee, given the absence of an express trust and the strict boundaries of resulting and constructive trusts. The court indicated,. however, that the custodial parent could probably be characterized as a "natural guardian" and that such parent lacked ownership of the chose in action for child support since such chose "... *could neither survive her, nor be levied upon, seized, impounded or sequestered in a proceeding against her in her personal capacity." Gardner, supra,* at 261. See also *Utah Fuel Co. v. Industrial Com.,* 80 Utah 301, 15 P.2d 297 (1932); 10 ALR Fed. 88134.

This Court thinks the better view is that child support is not a property interest belonging to the custodial parent. The interest is not within the reach of the custodial parent's creditors outside of bankruptcy and thus, should not be within their reach in bankruptcy.

Furthermore, § 541(b) excepts from the estate powers exercisable solely for the benefit of another. While the legislative history discusses *powers* of appointment rather than *rights* to collect child support, this Court finds that § 541(b) applies to child support by analogy. Like a donee of a power of appointment, a custodial parent is charged with certain responsibilities, yet maintains wide discretion in distributing or selectively spending funds. But, like a power of appointment, a right to collect child support was created for and inures to the sole benefit of someone else. Without determining the custodial parent's status as a trustee, fiduciary or natural guardian, the Court finds enough similarities between the rights, duties, powers and privileges of custodial parents and donees of powers of appointment to hold that § 541(b) excepts from the estate rights to collect child support arrearage. Accordingly, the Court holds that the right to child support arrearages never passed into Mrs. Howell's bankruptcy estate and Trustee Staat's claim for $1,110.00 is disallowed in its entirety.

THE FOREGOING SHALL CONSTITUTE MY FINDINGS OF FACT AND CONCLUSIONS OF LAW UNDER BANKRUPTCY RULE 752 AND RULE 52 OF THE FEDERAL RULES OF CIVIL PROCEDURE.