Steven L. ZIMMERMAN, Trustee,
Plaintiff,

v.

Dr. Harry STARNES, Defendant.

Harry Dee STARNES and Connie Margaret Starnes, Plaintiffs,

v.

Mary Virginia FIELDS and Steven L. Zimmerman, Trustee, Defendants.

Civ. A. No. 82–Z–2001.
Bankruptcy Nos. 81 K 2679, 82 Mc 0451.

United States District Court,
D. Colorado.

Jan. 13, 1984.

Richard Clark, Denver, Colo., T. Michael Turner, San Francisco, Cal., for Harry D. Starnes and Connie Margaret Starnes.

Arthur Lundquist-Kleissler, Solomon & Lindquist-Kleissler, Denver, Colo., for Steven L. Zimmerman, Trustee.

Ellen R. Welner, Denver, Colo., for Mary Virginia Fields.

## MEMORANDUM OPINION AND ORDER

WEINSHIENK, District Judge.

The matter under review is an appeal from a final ruling of the United States Bankruptcy Court for this District dated September 15, 1982, and entitled "Order Discharging Back Child Support Payments Transferred to Debtor's Trustee in Bankruptcy," 23 B.R. 134. Jurisdiction to consider the appeal is found in paragraph 3(e) of this Court's General Procedure Order No. 1983–1.[1]

This Court has examined the appellate briefs, the record on appeal, the applicable statutory and case law, and the opinion of the Bankruptcy Court reported at 23 B.R. 134 (Bkrtcy.D.Colo.1982) *sub nom In re Fields,* and is fully advised and prepared to rule.

The undisputed facts reveal that Harry Dee Starnes (Starnes) and Mary Virginia Fields (Fields) were divorced by order of the Superior Court of the State of California for the County of Los Angeles on July 2, 1979. As part of the divorce decree, the California court ordered Starnes to pay child support to Fields. *See* Record on Appeal (R.), Vol. II.

Fields filed a voluntary Chapter 7 Bankruptcy petition in the Bankruptcy Court for the District of Colorado on June 8, 1981, and Steven L. Zimmerman was appointed trustee of her estate. Fields' petition listed as property of the estate certain back child support payments which Starnes had failed to make pursuant to the divorce decree. On November 30, 1981, the trustee (Zimmerman) commenced an adversary proceeding in the Bankruptcy Court under 11 U.S.C. §§ 323[2] and 704(1)[3] against Starnes to collect the child support arrearage.

On January 20, 1982, Starnes filed a voluntary Chapter 7 bankruptcy petition in the same court. The filing of the Starnes petition automatically stayed further action on the complaint filed by the trustee, under the provisions of 11 U.S.C. § 362. Starnes then filed a complaint to determine the dischargeability of the child support debt under 11 U.S.C. § 523(a)(5)(A),[4] on March 3, 1982. Thereafter, the Bankruptcy Court granted Zimmerman's Motion for Consolidation and ordered the two adversary proceedings consolidated because of the substantial overlap of issues. As part of the consolidation, the Bankruptcy Court vacated the automatic stay for the trustee's complaint. R., Vol. I, p. 17.

At a hearing on August 17, 1982, the Bankruptcy Court found that the Child support arrearage amounted to $27,275.00, but took under advisement the issue of "wheth-

---

1. General Procedure Order 1983–1 is based on the Model Rule of Reference proposed by the Judicial Conference of the United States in the wake of the United States Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

2. 11 U.S.C. § 323 reads as follows:
   (a) The trustee in a case under this title is the representative of the estate.
   (b) The trustee in a case under this title has capacity to sue and be sued.

3. 11 U.S.C. § 704(1) reads in pertinent part as follows:
   The trustee shall—

   (1) collect and reduce to money the property of the estate for which such trustee serves . . . .

4. 11 U.S.C. § 523(a)(5)(A) reads as follows:
   A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
   * * * * * *
   (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
   (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; . . . .

er or not the debt is discharged since by law the debt is the property of the Trustee of the estate of Mary Virginia Fields." R., Vol. I, p. 18.

In its Order of September 15, 1982, the Bankruptcy Court held that the debt was dischargeable. After determining that the trustee was "another entity" within the meaning of 11 U.S.C. § 523(a)(5)(A),[5] the Bankruptcy Court stated: "The trustee's power to take over all legal and equitable property interests for the estate of the debtor as of the commencement of the estate under 11 U.S.C. § 541(a)(1) would be an assignment to another entity by operation of law under 523(a)(5)(A)." 23 B.R. at 136. Thus the Bankruptcy Court concluded that Fields' listing of the child support debt in her estate rendered that debt dischargeable under § 523(a)(5)(A) as a debt assigned to another entity. *Id.* at 137. Zimmerman has appealed from that ruling, and from the order of the Bankruptcy Court dismissing his complaint.[6]

## I.

■ The Bankruptcy Court stated that "the debt [of Starnes for the back child support] is now *property* of the Trustee of the estate of Debtor Mary Virginia Fields." 23 B.R. at 135 (emphasis added). It is basic to bankruptcy law, however, that an estate includes only property interests of the *debtor,* as set forth in 11 U.S.C. § 541(a)(1).[7] "The legislative history [of § 541(a)(1) ] indicates that Congress intended to exclude from the estate property of others in which the debtor had some minor interest such as a lien or bare legal title." *United States v.*

*Whiting Pools, Inc.,* —— U.S. ——, —— n. 8, 103 S.Ct. 2309, 2313 n. 8, 76 L.Ed.2d 515, 522 n. 8 (1983). The Bankruptcy Court did not thoroughly analyze the issue of whether the child support debt was a property interest which belonged to the debtor Fields, or to her child.

■ Since 11 U.S.C. § 541 contains no test for determining what is or is not "property" for the purposes of the debtor's estate, state law furnishes the guidelines to establish which interests of the debtor are properly included. "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979).

This is especially true in the area of domestic relations, including support payments ordered pursuant to divorce decrees, since "Congress was undoubtedly aware [that the] United States courts have no jurisdiction over divorce or alimony allowances." *In re Spong,* 661 F.2d 6, 9 (2d Cir.1981). "In the absence of specific conflict with federal law, we must look to state law to delineate the parties' state-created support obligations . . . ." *Matter of Catlow,* 663 F.2d 960, 962 (9th Cir.1981) (Arizona law applied to former version of 11 U.S.C. § 523(a)(5)). Thus the Court must consider whether the right to receive child support is a property right of the parent or of the child, as interpreted under applicable state law.

---

**5.** See Note 4, *supra.* The record does not indicate whether Starnes has in fact received his discharge, but in view of this Court's decision the omission is unimportant.

**6.** It should be noted that the procedures for appeal in General Procedure Order 1983–1 distinguish between final orders and judgments of the Bankruptcy Court and "proposed judgments" in matters defined as "related proceedings" under the Bankruptcy Code. However, in this case the Bankruptcy Court's Order issued September 15, 1982, was final as to both complaints, since the Supreme Court stayed the effective date of its *Marathon* opinion until December 24, 1982. *See Marathon,* 458 U.S. at

88, 102 S.Ct. at 2880, 73 L.Ed.2d at 626; *see also* later *Marathon* order at —— U.S. ——, 103 S.Ct. 199, 74 L.Ed.2d 160, and, —— U.S. ——, 103 S.Ct. 662, 74 L.Ed.2d 942.

**7.** 11 U.S.C. § 541(a)(1) reads as follows (emphasis added):

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all of the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable *interests of the debtor in property* as of the commencement of the case.

## II.

■ The issue of which state's law should be examined to determine the nature of the property interest in the instant case is a question not free from doubt.[8] This Court believes, however, that California law should provide primary guidance, since the divorce decree was issued by the courts of that state. *See, e.g., Gray v. Snyder,* 704 F.2d 709, 712 and n. 3 (4th Cir.1983) (North Carolina law determines support obligation under separation agreement executed in that state); *In re Welch,* 31 B.R. 537, 539 (Bkrtcy.D.Kan.1983) (court must apply Kansas law in construing support obligation in Kansas divorce decree).

■ Under California law, the right to support belongs to the child, who is the real party in interest when a parent seeks to enforce that right. *See* Cal.Civ.Code §§ 196, 196a, 206, 242, 4700 (West 1982); *Elkind v. Byck,* 68 Cal.2d 453, 67 Cal.Rptr. 404, 407, 439 P.2d 316, 319 (1968) (parents may not abridge right of their minor child to proper support); *Ruddock v. Ohls,* 91 Cal.App.3d 271, 277–78, 281–82, 154 Cal. Rptr. 87, 90–91, 93–94 (1979) (child is real party in interest in action to obtain support).

The only other state law logically to apply in this case is Colorado's, where the two petitions were filed and where both debtors resided for some time. Under Colorado law, the result is the same. "The inherent right to support belongs to the child . . . . The rights of the child exist independent of the rights of the [parent]." *McQuade v. McQuade,* 145 Colo. 218, 358 P.2d 470, 472 (1960). *See also County of Clearwater, Minn. v. Petrash,* 198 Colo. 231, 598 P.2d 138, 139 (1979) (child has right to support); *Kansas State Dept. v. Henderson,* 620 P.2d 60, 61–62 (Colo.App.1980) (child has right to support).

In addition, both California and Colorado have adopted the Revised Uniform Reciprocal Enforcement of Support Act (URESA). *See* Cal.Civ.Proc.Code § 1650, *et seq.* (West 1982); C.R.S. § 14–5–101, *et seq.* (1973). Under URESA, the rights and duties of support are determined by (1) the law of any state in which the supporting parent resided during the period for which support is sought, or (2) the law of the state where the supporting parent currently resides, at the election of the person enforcing the right to support.[9] Cal.Civ.Proc.Code § 1670; C.R.S. § 14–5–108.[10] Support rights and/or duties created in one URESA

8. Cases on the conflict of laws in child support matters are rare. The general rule appears to hold that the domicile of the parent owing support is the controlling jurisdiction by which to construe the nature and extent of the obligation. *Yarborough v. Yarborough,* 290 U.S. 202, 54 S.Ct. 181, 78 L.Ed. 269 (1933). However, in *Yarborough* the supporting parent remained domiciled in the state which had originally issued the divorce decree. The Court noted at the conclusion of its opinion that "we need not consider whether [the domicile of the child] would have power to require the father, if he were domiciled there, to make further provision for the support . . . of his [child]." 290 U.S. at 213, 54 S.Ct. at 185. Thus it is unclear whether either (1) domicile or (2) the state which issues the support order should necessarily be the controlling factor in a conflict of laws situation.

In addition, the general rule established by the majority opinion in *Yarborough* has been widely criticized. *See Elkind v. Byck,* 68 Cal.2d 453, 67 Cal.Rptr. 404, 408 n. 4, 439 P.2d 316, 320 n. 4 (1968).

9. It is unclear from the record in this appeal where Starnes currently resides, although at the time his complaint was filed, Starnes resided in Loveland, Colorado. It is also unclear from the record where Starnes resided for the period during which the back support payments accrued.

10. While the respective residences of the child and of the custodial parent are not factors to be considered in determining support rights and duties under URESA, *see* Cal.Civ.Proc.Code § 1655; C.R.S. § 14–5–105, the Court notes that the record is likewise unclear as to the residences, past or present, of the child to be supported and of Fields. The California divorce decree fails to indicate custody arrangements or the current residence of the child. Indeed, Starnes alleged in the Bankruptcy Court that the child only resided with Fields for a limited time, and was no longer residing with nor provided for by Fields after June, 1979. *See* R.Vol. I, p. 6. At the time the trustee's complaint was filed, Fields resided in Littleton, Colorado. Fields has evidently moved at least once, to Las Vegas, Nevada, and was residing there as of October, 1982. *See* R.Vol. I, p. 30.

state are enforceable in any other URESA state. *Id.*

Thus this Court concludes that under either California or Colorado law, the right to receive the back child support belongs to the child and not to Fields, even though Fields may seek to enforce that right in her child's name. Accordingly, the outstanding debt of Starnes should not have been listed as part of the wife's estate, and that listing was of no force and effect. *See Welch,* 31 B.R. at 539–40. This Court agrees with the analysis and conclusion of the *Welch* court that "the better view is that child support is not a property interest belonging to the custodial parent. The interest is not within the reach of the custodial parent's creditors outside of bankruptcy and thus, should not be within their reach in bankruptcy." 31 B.R. at 540.

### III.

It follows that no "assignment" of the debt by operation of law to the trustee could have occurred, and therefore 11 U.S.C. § 523(a)(5)(A) is inapplicable. The

Court therefore determines that, based on the facts presented on appeal, Starnes' debt for back child support is not dischargeable under 11 U.S.C. § 523(a)(5)(A).[11]

In addition, the Court notes that, while Fields herself may have a right to enforce her child's interest in collecting the support arrearage, Fields' trustee (Zimmerman) does not. Therefore, the trustee was not a proper party to bring suit in the Bankruptcy Court to enforce the claim against Starnes.

In view of the foregoing opinion, it is

ORDERED that the Bankruptcy Court's Order is reversed insofar as it discharges Starnes' debt for back child support. It is

FURTHER ORDERED that the Bankruptcy Court's Order is affirmed insofar as it dismisses trustee Zimmerman's Complaint.

---

**11.** The Court agrees with the Bankruptcy Court's conclusion that the support debt is truly "in the nature of" child support, and thus is

not dischargeable under 11 U.S.C. § 523(a)(5)(B). 23 B.R. at 135.