**In re Richard J. TESSLER, Debtor.**

**Beatrice L. SNIDER, Plaintiff,**

v.

**Richard J. TESSLER, Defendant.**

**Bankruptcy No. 82–03410–P7.**
**Complaint No. C82–02499–P7.**

United States Bankruptcy Court,
S.D. California.

Nov. 28, 1984.

Beatrice L. Snider, San Diego, Cal., plaintiff, pro se.

Neil G. Strachan, San Diego, Cal., for defendant.

## AMENDED MEMORANDUM OPINION ON JUDGMENT DECLARING OBLIGATION TO PAY FORMER SPOUSE'S ATTORNEY FEES TO BE NON–DISCHARGEABLE AS MAINTENANCE AND SUPPORT UNDER 11 U.S.C. SECTION 523(a)(5)

JAMES W. MEYERS, Bankruptcy Judge.

On October 14, 1982, the plaintiff, appearing on her own behalf, filed this complaint seeking to have the obligation owed to her by the debtor be declared nondischargeable under Section 523(a)(5) of the Bankruptcy Code ("Code"). On December 1, 1982, the debtor filed his answer generally denying the allegations presented in the complaint. The complaint came on before this Court on April 23, 1984, for a trial based on a stipulated statement of facts, which was presented to the Court at the time counsel gave their arguments.

## II

## FACTS

On May 1, 1981, Cheryl Tessler, the debtor's wife, filed in the San Diego Superior Court for dissolution of their 32-month old marriage. On June 15, 1981, the Superior Court ordered that the debtor pay $402 to the plaintiff, who was acting as Mrs. Tessler's attorney, as part of the debtor's responsibility to provide child and spousal support. This amount was to be paid in $25 monthly installments commencing on June 1, 1981. The debtor made one $25 payment on July 30, 1981 and then paid no more.

On June 30, 1982, the Superior Court issued its interlocutory judgment of dissolution in which it ordered the debtor to pay an additional $1,000 to the plaintiff as part of his support obligations to Mrs. Tessler.

On August 12, 1982, the debtor filed his petition under Chapter 7 of the Code. At the time of this filing the debtor still owed the plaintiff $1,377. On December 1, 1982, Mrs. Tessler filed her own bankruptcy petition seeking relief under Chapter 7. Her bankruptcy schedules listed the obligation to the plaintiff as one of her unsecured debts. Thereafter, a discharge order was entered in favor of the debtor on January 10, 1983, while Mrs. Tessler received her discharge on March 7, 1983.

## III

## DISCUSSION

One of the most venerable principles of American bankruptcy law is that a debtor's obligation to provide alimony or support to a spouse or former spouse will not be affected by the discharge order. *See Audubon v. Shufeldt*, 181 U.S. 575, 579, 21 S.Ct. 735, 736, 45 L.Ed. 1009, 1011 (1901). This concept is found in the Code as Section 523(a)(5), which provides that:

(a) A discharge under Section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise ...; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

11 U.S.C. Section 523.

■ This Court has previously ruled that counsel fees awarded pursuant to a husband's obligation of support and mainte-

nance are nondischargeable under the authority of Section 523(a)(5). *In re French,* 9 B.R. 464 (S.Cal.1981). *See, In re Homyak,* 40 B.R. 99, 103 (S.N.Y.1984); *Jones v. Tyson,* 518 F.2d 678, 680–81 (9th Cir.1975) (Bankruptcy Act case). This is so even though the obligation is due to the attorney directly, for Congress did not intend to exclude a debt for alimony or support from the nondischargeability provisions for the sole reason that the debt is not payable directly to the spouse, *see, In re Calhoun,* 715 F.2d 1103, 1107 (6th Cir.1983); because such an order directing payment to counsel is not an assignment and would therefore not be covered by the assignment exception of Subsection 523(a)(5)(A). *Matter of Gwinn,* 20 B.R. 233, 234–35, 9 B.C.D. 147, 148 (9th Cir. B.A.P.1982). *See, In re Spong,* 661 F.2d 6 (2d Cir.1981).

The debtor does not dispute these legal authorities, but instead claims that his former wife's own petition filed under Chapter 7 should release him from his responsibility to pay the plaintiff. His argument appears to be based on those cases which determine if a debt has been assigned under Section 523(a)(5)(A) by deciding if the nonpaying spouse will receive any *present benefit* from the payment of the debt. *See, In re Knabe,* 8 B.R. 53, 7 B.C.D. 185 (S.Ind.1980); *Stranathan v. Stowell,* 15 B.R. 223, 227, 8 B.C.D. 472, 474 (Neb.1981). These cases seem to see the assignment question as one requiring a balancing of the debtor's right to receive a "fresh start", against his obligation to satisfy his familial responsibilities. Where the former spouse would gain nothing from the debtor's payment of the debt involved, then this balancing process would terminate the debtor's continuing responsibility to satisfy these obligations.*

The difficulty with this entire line of reasoning is that the better reasoned cases,

and the controlling authorities in this district, have ruled that awards of attorney's fees to an attorney in domestic relations litigation is not an assignment covered by the assignment exception of Section 523(a)(5). *See, Matter of Gwinn, supra,* 20 B.R. at 235; *See also, In re Spong, supra,* 661 F.2d 6. Further, carving out another basis to relieve the debtor of his obligations in this area could have the unfortunate effect of encouraging the debtor to neglect his duties to his ex-spouse, so that she may be denied the future services of an attorney. *See In re Brace,* 13 B.R. 551, 554 (N.Ohio 1981); *Matter of O'Leary,* 20 B.R. 79, 81 (E.Cal.1982).

■ However, we do not have to make a final determination on the question presented when an ex-wife files bankruptcy, for here it was the husband who filed first. Since in his case we look to his debts as they existed as of the date of the order for relief, then the obligation in question here is clearly nondischargeable for on that date the debtor owed it to the plaintiff and his ex-wife was still responsible for the payment of these fees. *See* 11 U.S.C. Section 727(b); *Matter of Gwinn, supra,* 30 B.R. 233.

## IV

## CONCLUSION

The debtor's obligation to the plaintiff, for services performed on behalf of his ex-wife in a domestic relations matter, are nondischargeable under 11 U.S.C. Section 523(a)(5). This is so even though the ex-wife files a petition under Chapter 7 subsequent to the debtor.

---

* The only reported decision involving an arguable similar situation is found in *In re Fields,* 23 B.R. 134, 9 B.C.D. 652 (Colo.1982). In *Fields* the Court declared that the debtor's back child support obligation to be discharged where his former wife filed under Chapter 7 some six months before he did. This ruling was based on the rationale that the transfer of the obligation to the wife's bankruptcy trustee constituted an as-

signment under Section 523(a)(5)(A). This decision is of little help for later it was reversed by the District Court which found that the child support obligation was actually owed to the child and not the ex-wife, therefore her trustee had no right to administer the asset and Section 523(a)(5)(A) could not be applicable as no assignment had occurred. *Zimmerman v. Starnes,* 35 B.R. 1018, 1022 (D.Colo.1984).