**In re Edward Raymond SILANSKY, Bk 88–00039–AT BK Adver. 88–0116, Debtor.**

**Edward Raymond SILANSKY, Plaintiff–Appellant,**

**v.**

**BRODSKY, GREENBLATT & RENE-HAN, Defendant–Appellee.**

**No. 89–3264.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 12, 1990.

Decided March 12, 1990.

Gary Alan Reese, Patterson & Reese, Fairfax, Va., for plaintiff-appellant.

Nelson Deckelbaum (Melissa Siegal, Deckelbaum, Ogens & Fischer, Tysons Corner, Va., on brief), for defendant-appellee.

Before PHILLIPS, Circuit Judge, BUTZNER, Senior Circuit Judge, and YOUNG, Senior District Judge for the District of Maryland, sitting by designation.

PER CURIAM:

Edward Raymond Silansky filed a complaint in bankruptcy court to determine the dischargeability of attorney's fees he owes to Brodsky, Greenblatt & Renehan arising

from divorce proceedings. The bankruptcy court ruled that the attorney's fees are a nondischargeable debt under 11 U.S.C. § 523(a)(5). Mr. Silansky appeals from the district court order affirming the bankruptcy court order. We affirm.

## I

The facts are undisputed. Catherine and Edward Silansky were divorced in 1985. The divorce decree contained the following provision: "ORDERED, that judgment is entered against the Defendant [Mr. Silansky] and in favor of BRODSKY, GREENBLATT & RENEHAN, Chartered, Plaintiff's [Mrs. Silansky's] attorneys, in the amount of Fifteen Thousand Dollars ($15,000.00)...."

In 1986, Mrs. Silansky filed a Chapter 7 bankruptcy petition. She listed the divorce judgment as property of her estate and listed the attorney's fees due to Brodsky, Greenblatt & Renehan as a debt.

Mr. Silansky subsequently filed a Chapter 7 bankruptcy petition listing as one of his debts the judgment that the divorce decree awarded Brodsky, Greenblatt & Renehan. The bankruptcy court ruled that this debt was nondischargeable under 11 U.S.C. § 523(a)(5). The district court affirmed the bankruptcy court's order.

## II

Title 11 U.S.C. § 523(a)(5) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts as-

signed pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

Most courts have classified an award of attorney's fees in a divorce judgment as a nondischargeable debt in the category of alimony, maintenance, and support under § 523(a)(5). See, e.g., In Re Spong, 661 F.2d 6 (2d Cir.1981); In re Sposa, 31 B.R. 307, 310 (Bankr.E.D.Va.1983).

The issue therefore is whether Mrs. Silansky assigned the debt of the attorney's fees to the bankruptcy trustee triggering the exception under § 523(a)(5)(A). Mr. Silansky argues that the attorney's fees are dischargeable because Mrs. Silansky listed the divorce judgment as property of her estate when she filed for bankruptcy. He maintains that the trustee is an entity which by operation of the law became the assignee of Mrs. Silansky. Consequently, he claims, the attorney's fees fall under the exception of § 523(a)(5)(A). Brodsky, Greenblatt & Renehan argue that because the divorce decree awarded a judgment for the attorney's fees directly to them, the debt was not an asset of Mrs. Silansky's bankruptcy estate and thus could not be assigned to the trustee.

Mr. Silansky's debt for the attorney's fees was not a debt owed directly to Mrs. Silansky. The fact that Mrs. Silansky listed the divorce judgment as an asset on the bankruptcy petition is not dispositive. See Zimmerman v. Starnes, 35 B.R. 1018, 1022 (D.Colo.1984). The benefit she received when the divorce judgment ordered Mr. Silansky to pay her attorney's fees is not a property right. Under 11 U.S.C. § 541(a)(1), the bankruptcy estate only includes property interests. See 35 B.R. at 1020. As the district court properly pointed out, Mrs. Silansky had no property inter-

est in the debt and hence had nothing to assign to the bankruptcy trustee.

Mr. Silansky relies on the following language in *Stranathan v. Stowell,* 15 B.R. 223, 226, 5 Collier Bankr.Cas.2d (MB) 640, 643 (D.Neb.1981): "The test of whether the debt has been assigned under § 523(a)(5)(A) is whether or not the nonpaying spouse will receive any present benefit from the payment of the debt." *Stranathan,* however, did not apply the principle to attorney's fees, which the divorce decree required the husband to pay. *See* 15 B.R. at 226–27, 5 Collier Bankr.Cas.2d at 643–44.

We hold that the judgment for attorney's fees that Mr. Silansky owes to Brodsky, Greenblatt & Renehan is a nondischargeable debt under 11 U.S.C. § 523(a)(5).

*AFFIRMED.*