

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2005

# In Re: Froncillo

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3586

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Froncillo " (2005). *2005 Decisions.* Paper 224.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/224

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3586
_____

IN RE: FRANCESCO P. FRONCILLO,

Debtor


FRANCESCO P. FRONCILLO
a/k/a FRANK P. FRONCILLO

v.

DIANE L. GUNN


Francesco P. Froncillo, Appellant


_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Nos. 03-cv-288E, 03-cv-289E, 03-cv-290E )
District Judge:  The Honorable Maurice B. Cohill, Jr.


_____


Submitted Under Third Circuit LAR 34.1(a)
October 18, 2005

Before: SMITH, STAPLETON, and NYGAARD, Circuit Judges.

(Filed: November 16, 2005 )

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

This is an appeal from the District Court's order upholding determinations of the Bankruptcy Court that despite Francesco Froncillo's bankruptcy filing, he owed long term support to his ex-spouse Diane Gunn, and that Froncillo should not be allowed to discharge that support through his declaration of Bankruptcy. We have jurisdiction pursuant to 28 U.S.C. § 158(d).

Froncillo raises a number of issues on appeal; all of them are without merit. The effect of Gunn's intervening bankruptcy filing on Froncillo's bankruptcy petition, however, merits brief discussion. The crux of this issue revolves around the fact that after the Bankruptcy Court's opinion but before the District Court filed its decision affirming the Bankruptcy Court opinion, Gunn filed for bankruptcy herself. Froncillo now argues that Gunn's own bankruptcy filing causes her assets, which include Froncillo's support payments, to be assigned to her estate under operation of law. He further argues that this assignment allows his debt, which includes the support payments, to be discharged under the relevant provisions of the Bankruptcy Code, thereby allowing him to avoid paying them.

2

We fail to find any support for Froncillo's claim and we will affirm the District Court's order adopting the findings of the Bankruptcy Court.

I.

The relevant portions of the Bankruptcy Code provide that if a debt stemming from a separation agreement is assigned to another entity, either voluntarily or by operation of law, the creditor may not object to discharge of that debt. 11 U.S.C. § 523(a)(5)(A). We leave for another day, however, the issue of whether Gunn's filing of a chapter 7 bankruptcy petition, along with her claim that her right to support payments was exempt property, effected a transfer constituting an "assignment" for purposes of § 523(a)(5)(A). That issue need not be addressed because the timing of the events here easily resolves the question of dischargeability.

We conclude, in accordance with those courts that have addressed it, that a determination on the dischargeability of debts will be controlled by either the date of the debtor's filing for bankruptcy or the date of the debtor's dischargeability hearing. *See In re Combs*, 101 B.R. 609 (B.A.P. 9th Cir.1989); *In re Tessler*, 44 B.R. 786 (Bankr.S.D.Cal.1984). We decline to decide which of these two dates applies here since, on either date, Gunn had not filed for bankruptcy, effectively destroying Froncillo's claim. The question, therefore, of whether Gunn has assigned her support payments such that Froncillo's debt to pay them is discharged must be answered in the negative.

3

In *In re Combs*, the Bankruptcy Appellate Panel for the Ninth Circuit held that the date for determination of the discharge of debts was the date of bankruptcy filing. They wrote:

> [t]he law is not well-settled on whether, for purposes of dischargeability, courts should apply the facts in existence on the date of the dischargeability hearing or the facts as they existed when the bankruptcy petition was filed ... We hold that the operative date for determining the facts relating to the dischargeability of an obligation is the date of the filing of the bankruptcy petition.

*In re Combs*, 101 B.R. at 614. In addition, in *In re Tessler*, upon addressing the same question, the Bankruptcy Court held that the operative date of determination on the dischargeability of debts is the date of the filing of the bankruptcy petition. *In re Tessler*, 44 B.R. at 788. There, on facts quite similar to this case, a husband sought to discharge his debt of support payments by claiming that his former wife's bankruptcy filing should release him from his responsibility to pay. However, because he filed for bankruptcy first the court looked to his debts as they existed on the date he filed for bankruptcy for the purposes of determining dischargeability.

Froncillo is unable to marshal any support for his contention that the discharge date can or should be anything other than the date of bankruptcy filing or, in rare instances, the date of the discharge hearing. Here, Froncillo concedes that Gunn filed for bankruptcy not only after Froncillo himself filed for bankruptcy but also after the dischargeability hearing occurred. Because Gunn filed for bankruptcy after Froncillo

4

filed for bankruptcy *and* after the date of the discharge hearing, Froncillo's debt to Gunn

is nondischargeable under the Bankruptcy Code. *See* 11 U.S.C. § 523(a)(5)(A).

II.

Froncillo also argues that our decision in *In re Gianakas*, 917 F.2d 759 (3d

Cir. 1990) was erroneous and based on an incorrect interpretation of 11 U.S.C. §

523(a)(5)(B) and that the Bankruptcy Court's reliance on this opinion requires us to

reverse its decision. In addition, Froncillo argues that we should modify *In re Gianakas*

to account for estoppel, the plain language of the writing between the parties, and the

current financial circumstances of the parties. We disagree and find these claims to be

meritless. We are not at liberty to overrule or subvert a decision of a prior panel. *See*

I.O.P. 9.1. *In re Gianakas* is and will continue to be controlling in this Circuit.

Froncillo's claim that *In re Gianakas* misinterpreted the plain language of § 523(a)(5)(B)

is completely without merit and flies in the face of the actual plain language of the statute.

We now interpret that language, as we did in *In re Gianakas*, to prevent a person from

discharging any obligation stemming from a separation agreement that, whatever its label,

was intended by the parties to be in the nature of alimony, maintenance, or support at the

time the obligation was undertaken. As we have decided that *In re Gianakas* remains

controlling law, Froncillo's second argument that it does not apply or should be modified

similarly fails.

5

III.

Accordingly, we will affirm the District Court's opinion adopting the Bankruptcy Court's well-reasoned determination.

_____