# CIRCUIT COURT OF CLARKE COUNTY

Tina Marie White

   v.

Christopher Wayne White

October 20, 2006

Case No. CL06000129-00

BY JUDGE DENNIS L. HUPP

Even though the parties are now divorced, for convenience, I will refer to the parties as follows: to the petitioner/complainant, Tina Marie White, as "wife" and to the defendant, Christopher Wayne White, as "husband."

This matter came before me on Clarke County Motions Day, September 12, 2006, on return of the show cause order previously issued against the husband, requiring him to show cause why he should not be held in contempt of court for failure to pay attorney's fees and credit card debt as required in the final decree of divorce entered on December 10, 2002. After hearing evidence and arguments of counsel, I took the matter under advisement. The next day, Mr. Fisher requested time to file a memorandum on the issues presented, and I accorded both counsel an opportunity to do this. I received Mr. Fisher's memorandum, with attachments, on September 19, 2006, and I received Ms. Lesser's memorandum, with attachments, on September 28, 2006. I am prepared to rule.

In the final decree of divorce, the wife was awarded the sum of $52,000.00 as the value of her interest in the marital residence. In addition, the husband was required to pay 60% of certain marital debts listed in the decree. Finally, the husband was required to pay the wife's attorney's fees in the amount of $4,000.00. Eight days after the final decree of divorce was entered, the wife filed her bankruptcy petition under Chapter 7 of the Bankruptcy Code. The bankruptcy resulted in all debts being paid, and the wife received a

small refund from the trustee in bankruptcy. Without going into detail, suffice it to say that the trustee enforced the wife's judgment for $52,000.00 representing her share of the marital residence of the parties. The husband had conveyed the marital residence to his parents and, on petition of the trustee, the bankruptcy court found this to be a fraudulent conveyance and ordered it set aside. Subsequently, the parties reached a settlement whereby the conveyance was allowed to stand but the husband's parents paid the sum of $65,000.00 to the trustee "in the complete satisfaction and release of the judgment obtained against Chris White in the bankruptcy proceeding and the $52,000.00 judgment against Chris White in the Circuit Court of Clarke County. . . ." The trustee used the monies obtained from the settlement to pay all expenses, fees, and debts of the wife.

The husband has never paid the award of attorney's fees in the amount of $4,000.00 nor has he paid 60% of the marital debts as ordered in the final decree of divorce. Mr. Fisher's attorney's fees were paid in full by the bankruptcy trustee, and the marital debts listed in the divorce decree were also paid by the bankruptcy trustee, all from the monies received from the settlement described above. Hence, these were paid from the wife's money. The wife argues that she is still entitled to enforce the awards made to her in the divorce decree except for the judgment for $52,000.00 representing her share of the marital residence which, of course, has been satisfied by the action of the Bankruptcy Court. The husband argues that the right to collect these sums was an asset that was assigned to the bankruptcy trustee upon the filing of the petition in bankruptcy (11 U.S.C. § 541) and that the wife no longer has that right. The wife counters that, under 11 U.S.C. § 554(c), any asset not administered by the trustee is abandoned to the debtor and therefore the wife has the present right to enforce these awards.

I will deal with the two awards separately, first, with the award for attorney's fees and, secondly, with the award for contribution towards marital debt.

## Attorney's Fees

While the award for attorney's fees was intended to benefit the wife, the decree directed that the attorney's fees be paid directly to the law firm of Stephen J. Fisher, P.C. The Fourth Circuit Court of Appeals has ruled that, under this arrangement, the debtor in bankruptcy has no property right and, therefore, has nothing to assign to the bankruptcy trustee. *Silansky v. Brodsky, Greenblatt & Renehan*, 897 F.2d 743 (1990). Under this holding, the award for attorney's fees in the present case was never assigned to the bankruptcy trustee. Silansky dealt specifically with former provisions of 11 U.S.C.

§ 523(a)(5). It appears to me that the impact of that case is limited to the interpretation and application of bankruptcy law and is not binding on this court otherwise. It is clear to me that the award of attorney's fees was meant to benefit the wife in that it would be a credit against the amount she owed her attorney. It is equally clear that Mr. Fisher's attorney's fees (not including those incurred for the present proceeding) have been paid in full and that any monies he receives in payment of this award must be refunded to the wife. Enforcement of the award at this time will not result in the "unjust enrichment" of Mr. Fisher or his firm.

I find that the award of attorney's fees in the amount of $4,000.00 is due and owing and, since they were ordered to be paid "immediately" in the divorce decree entered in December, 2002, I find the evidence sufficient to hold the husband in contempt for non-payment. I will return to this hereinbelow.

### Marital Debt

From my review of the exhibits submitted by both sides, it is clear that the bankruptcy trustee was fully aware of the provisions of the divorce decree, specifically, that the wife was entitled to collect $52,000.00 for her interest in the real estate and, in addition, to require the husband to pay 60% of the outstanding marital debts as listed in the divorce decree. This was the case in spite of the inaccurate description of the judgment in the wife's bankruptcy petition. In his "Complaint to Recover Fraudulent Conveyances" filed in the bankruptcy court, the trustee recited that the wife "was entitled to an award of $52,000.00 plus the payment by defendant Chris White of a percentage of certain debts owed by the debtor [wife]." (Material in brackets added.) However, in his motion for the approval of the settlement, as described above, the trustee recites only the judgment entered in the bankruptcy court and "the $52,000.00 judgment against Chris White in the Circuit Court of Clarke County. . . ." The Bankruptcy Court approved the settlement by simply adopting the written motion filed by the trustee. For whatever reason, the bankruptcy trustee chose not to enforce the judgment as to the marital debts. This right was, in effect, unadministered, and, at the conclusion of the bankruptcy, this claim was abandoned to the wife under the provisions of § 554 of the Bankruptcy Code.

Accordingly, I find that the wife is entitled to the following sums:

Chase                      $2,846.30 x 60% = $1,707.78

American General Finance     4,753.78 x 60% = 2,852.27

Servisoft                3,296.31 x 60% = 1,977.79

Capital One             1,063.97 x 60% = 638.38

Kohl's                   1,886.09 x 60% = 1,131.65

Monogram Credit Card
Bank of Georgia (Home Depot)   5,346.16 x 60% = 3,207.70

      Total                $11,515.57

Because I find that the husband has raised a legitimate issue concerning his obligation to pay the marital debts after the wife's bankruptcy, I decline to find him in contempt of court in this regard. I will require him to pay these amounts within the time frame discussed below with the understanding that his failure to do so may lead to a finding of contempt with imposition of appropriate sanctions.

I order that the husband pay within 120 days of the date of this letter, the following sums:

1. The sum of $4,000.00 to Stephen Fisher, Esquire, who shall apply this amount to outstanding fees incurred in the present proceeding and then refund the balance to the wife;

2. The sum of $11,515.57 to the wife as partial reimbursement for payment of the marital debts listed hereinabove;

3. An additional sum of $2,298.35 to Stephen Fisher, toward attorney's fees and costs incurred in the present proceeding. I am awarding Mr. Fisher one-half of his attorney's fees, since I am finding the evidence sufficient to hold the husband in contempt only with respect to one of the awards now being enforced and not the other.

I am withholding any finding of contempt of court at this time, and, if the husband complies with the directive of this order, I will find that he has purged any contempt and dismiss the show cause order without adjudicating him guilty of contempt. If he fails to comply with any of the directives of this order, I will find him in contempt of court and impose appropriate sanctions.